AROMO *v.* FIRE ASSOCIATION OF PHILADELPHIA.

1. PARTNERSHIP—CONTRACTS—INSURANCE POLICY WITH INDIVIDUAL PARTNERS VALID—STATUTES—FICTITIOUS NAMES.

> A policy of insurance on partnership property taken by the partners in their individual names was not void although they had not complied with either Act No. 101, Pub. Acts 1907 (2 Comp. Laws 1915, § 6349 *et seq.*), or Act No. 164, Pub. Acts 1913 (2 Comp. Laws 1915, § 6354 *et seq.*), requiring filing of certificate of copartnership.

2. INSURANCE—PARTIES—"REAL PARTY IN INTEREST"—UNDISPUTED
   TESTIMONY—DIRECTED VERDICT.
   Although notice had been given to defendant insurance
   company that the policy on which action was brought
   had been assigned to plaintiffs' attorney, where there was
   no proof of any assignment, and the attorney testified
   that the notice was a mistake and he had no interest in
   the policy but that it belonged to plaintiffs, and there was
   no intimation from defendant's attorney that he desired
   to go to the jury upon any question in the case, the trial
   court was not in error in directing a verdict for the un-
   disputed amount of damages in favor of plaintiffs, who,
   under the proofs, were the "real party in interest" (3
   Comp. Laws 1915, § 12353).

Error to Oakland; Lamb (Fred S.), J., presiding.
Submitted February 2, 1922. (Docket No. 27.) De-
cided March 30, 1922.

Assumpsit by Iaston Aromo and others against the
Fire Association of Philadelphia on a policy of insur-
ance. Judgment for plaintiffs on a directed verdict.
Defendant brings error. Affirmed.

*Frederick J. Ward,* for appellant.
*J. A. & C. C. Tillson,* for appellees.

FELLOWS, C. J. Defendant, an insurance company,
authorized to do business in this State, on August
31, 1918, entered into the contract of insurance here
sued upon with the plaintiffs, Iaston Aromo, Tony
Kosocker and John David. The plaintiffs were part-
ners and the property covered by the insurance was
partnership property. Plaintiffs had not complied
with either Act No. 101, Pub. Acts 1907 (2 Comp.
Laws 1915, § 6349 *et seq.*), or Act No. 164, Pub. Acts
1913 (2 Comp. Laws 1915, § 6354 *et seq.*). The con-
tract of insurance was with them in their individual
names and the principal defense is that they are pre-
cluded from recovery here because of their failure to

comply with the acts cited.    This contention is completely answered by the case of *Rossello* v. *Trella*, 206 Mich. 20.    In that case the plaintiffs were partners, but they entered into a contract in their individual names and as individuals.    It was held that such a contract was not void by reason of the statute.    Here the contract is with the plaintiffs in their individual names and as individuals.    It can not be questioned but that each partner had an insurable interest in the partnership property.    The contract of insurance under the authority just cited was not void but was valid. The court very properly overruled defendant's motion for a directed verdict.

After the fire two disinterested, competent men made a detailed appraisal, fixing the damages at the sum of $1,187.32.    Both were called as witnesses and testified to this amount as the amount of the loss. No testimony contradicting theirs was given.    In fact, no testimony was offered by defendant.    The insurance company was given notice that the policy had been assigned to Mr. Tillson, one of plaintiffs' attorneys.    Upon the trial he testified that this was a mistake, that it was another policy that had been assigned to him, that he had no interest in this policy, and that it belonged to plaintiffs.    There was no proof of any assignment of the policy.    The policy was introduced in evidence and there was no assignment upon it.    The record does not show any intimation from defendant's counsel that he desired the court to submit the two questions just noted to the jury. The testimony introduced by the plaintiffs being all there was in the case, and there being no intimation by defendant's counsel that he desired to go to the jury upon any question in the case, there was no error in the trial judge instructing the jury to render a verdict for the undisputed amount of damages in favor of the plaintiffs who, under the proofs, were the "real

party in interest." See section 12353, 3 Comp. Laws 1915.

The judgment will be affirmed

WIEST, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.

The late Justice STONE took no part in this decision.