ROSSELLO *v.* TRELLA.

CONTRACTS—PARTNERSHIP—CERTIFICATE—FICTITIOUS NAMES.
Where a contract to erect a building was signed by part-
ners in their individual names, with no partnership name
stated nor reference made to a partnership, said contract
was not void, although no certificate of copartnership had
been filed with the county clerk as required by Act No.
164, Pub. Acts 1913 (2 Comp. Laws 1915, § 6354 *et seq.*).

Appeal from Wayne; Dingeman, J. Submitted April
29, 1919. (Docket No. 6.) Decided May 29, 1919.

Bill by Peter R. Rossello and another, copartners
as Rossello & Rapp, against Joseph C. Trella and an-
other to foreclose a mechanic's lien. From a decree
dismissing the bill, plaintiffs appeal. Reversed.

*Joseph T. Schiappacasse (Harvey B. M. Wilds,* of
counsel), for plaintiffs.

*Anthony Maiullo,* for defendants.

STEERE, J. On September 8, 1915, plaintiffs filed
their bill of complaint in the circuit court of Wayne
county in chancery to foreclose a statutory lien to col-
lect a claimed balance due them for labor and mate-
rial furnished in constructing for defendants a de-
scribed store and flat building in Detroit, under a
written agreement between the parties. The contract
is dated July 7, 1914, and provides for completion
of the building by December 28, 1914, at a stated price
of $6,400, with $50 extra for moving a certain col-
umn, payments aggregating $4,500 to be made at cer-
tain stages as the work progressed and the balance
on completion of the building. Plaintiffs allege in
their bill that the last "labor and materials was fur-

nished the 6th day of March, A. D. 1915"; that they
furnished extra labor and material according to cer-
tain alterations in the plans ordered by defendants
to the amount of $572 and claim a lien for balance
due amounting to $1,950.39. Defendants answered
issuably in denial and asked affirmative relief as by
cross-bill for failure to complete the building within
the specified time, and failure to construct it accord-
ing to plans and specifications, and further ask the
benefit of a demurrer as to said bill because plaintiffs
were copartners and had not filed with the clerk of
Wayne county a certificate in relation thereto as re-
quired by Act No. 164, Pub. Acts 1913 (2 Comp. Laws
1915, § 6354 *et seq.*).

When the suit came on for hearing the latter ob-
jection was early urged for the defense and after
briefly supplementing the pleadings and exhibits by
certain undisputed facts counsel by consent submitted
the question to the court on defendants' motion, in
the nature of a demurrer, that plaintiffs' bill "be dis-
missed because the certificate of partnership was not
filed as required in the above act." After hearing
counsel the court granted defendants' motion and dis-
missed the bill of complaint.

It was conceded by counsel for both parties that
"plaintiffs were copartners but did not file a certifi-
cate to that effect in accordance with Act No. 164 of
the Public Acts of 1913, until after the contract was
executed, but prior to the filing of the lien, however."
They in fact filed such certificate on April 29, 1915,
and their claim of lien on May 4, 1915, commencing
suit on September 3, 1915.

Counsel for defendants contended and the trial court
apparently held that the case was controlled by *Maurer*
v. *Greening Nursery Co.*, 199 Mich. 522.

It appears that plaintiffs in their work as contract-
ing partners were doing business under the firm name

of Rossello & Rapp at times, and perhaps generally, although the contract which they entered into in this case does not so disclose. In that respect there is a marked difference between the Maurer contract and the one under consideration here. The carefully prepared contract in that case shows the firm of "Maurer Brothers" contracted as such, were so named in the commencement of the instrument and stated as "(hereinafter designated the contractor)." The contract was signed "Maurer Brothers" per a member of the firm. In the instant case the contract of July 7, 1914, is personally signed by the individual plaintiffs—"Peter R. Rossello. Phil B. Rapp." No firm name is used and no mention is made of any firm or partnership anywhere in the instrument, their separate names being set out in the introductory clause where they are designated as the party of the second part, with just how exact an understanding by the scrivener of the varied meaning of such designation is not clear for further on in the body of the instrument is the rather singular but express provision that the work is to be "done in a good, sufficient and workmanlike manner, to the entire satisfaction of said party of the second part,"—rendered innocuous, however, by a subsequent provision giving the superintending architect "full power to reject all material and workmanship not in full accordance with the spirit and meaning of the plans," etc.

In 1907 the legislature passed Act No. 101 (2 Comp. Laws 1915, § 6349 *et seq.*) "to regulate the carrying on of business under an assumed or fictitious name," prohibiting so doing unless a certificate is filed with the county clerk setting forth the name under which such business is owned or conducted and the true name or names of the person or persons owning and conducting the same with postoffice address, etc., violation of the act being made a criminal offense punish-

able by fine and imprisonment. Construing it as an act directed particularly against the opportunity for fraud and imposition furnished to persons disposed to conceal their identity and avoiding responsibility under assumed or fictitious names, in the transaction of business, this court held that contracts made in violation of the act were invalid (*Cashin* v. *Pliter,* 168 Mich. 386 [Ann. Cas. 1913C, 697]) ; but held that partnerships openly using the true names or surnames of their members in their firm name in such manner as to fairly advise of the parties owning or conducting the business, and not mislead, were not to be regarded as operating under false, assumed or fictitious names within the meaning of the act. *Axe* v. *Tolbert,* 179 Mich. 556; *Sauer* v. *Construction Co.,* 179 Mich. 618; *Cross* v. *Leonard,* 181 Mich. 24; *Zemon* v. *Trim,* 181 Mich. 130. Under that act as construed partnerships honestly adopting in their business firm names which were not a disguise and fairly indicated who owned and operated the business were safeguarded, and the act, as the court construed its intent, only reached in full force those operating under cover of actually obscuring false, assumed or fictitious names. Under that act a contract by and in the name of the firm of "Maurer Brothers," or "Rossello & Rapp," would be valid, though no certificate of partnership had been filed. But without repealing Act No. 101, Pub. Acts 1907, the legislature passed Act No. 164, Pub. Acts 1913, imposing on all partnerships the duty of filing such certificates, whatever names they did business under and without any exception or saving clause, making violation of the act a criminal offense punishable by fine and imprisonment in like manner as provided in Act No. 101, in effect nullifying decisions construing the former act as excluding partnerships not doing business under what must be regarded as strictly assumed or fictitious names. It was the opin-

ion of a majority of the court in *Maurer* v. *Greening Nursery Co.*, *supra*, that such was the unavoidable result of this piece of legislation, whatever else its purpose, and if not deemed desirable it was the province of the legislature, not the courts, to change or repeal the law.

The controlling reason which impelled the decision in the *Maurer Case* was that the firm of Maurer Brothers, a copartnership, as such and in its firm name, with no mention of the individual members composing it, entered into a contract in writing during the period it was in default and criminally liable to fine and imprisonment for failure to file the required certificate, rendering the contract absolutely void. In the instant case the written contract between the parties is in their individual names, personally signed by plaintiffs with their names set out in full in the body of the instrument, with no partnership name stated nor reference made to a partnership.

The stipulation that plaintiffs were partners, before quoted, if referred to the date of the agreement is not a stipulation that they contracted as such with defendants, nor does it serve to change the character of the written instrument by which they were obligated as individuals and not as a firm or copartnership. The written contract on its face and as it reads does not violate Act No. 164 and is not shown to be invalid. Defendants' contention was in the trial court, and is here, that the contract entered into between plaintiffs and defendants is void because in violation of the statute, and as plaintiffs must necessarily rely entirely upon their contract to sustain their suit the bill should be dismissed. This the court did, on defendants' motion in the nature of a demurrer. With this we are unable to agree for the reasons stated. The decree, or final order, dismissing plaintiffs' bill will be reversed and set aside and, as other questions

which may be involved touching the merits and validity of plaintiffs' lien have not been gone into or passed upon by the trial court, the case will be remanded for such further proceedings as may be appropriate, and not incompatible with this opinion. Plaintiffs will recover costs of this court.

BIRD, C. J., and OSTRANDER, MOORE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.