JOHNSON *v.* ENGLEBERTSON.

PARTNERSHIP—CONTRACTS — FAILURE TO FILE AS PARTNERSHIP —
MECHANICS' LIENS—RIGHT TO MAINTAIN SUIT.

> Where the contract to improve and repair defendants' build-
> ing was signed by partners in their individual names,
> and no reference was made in the contract to the fact
> that a partnership existed, the holding of the court be-
> low that plaintiffs' failure to file a certificate as a partner-
> ship, as required by 2 Comp. Laws 1915, § 6359, as
> amended by Act No. 265, Pub. Acts 1919, was no bar to
> a suit to foreclose a mechanic's lien, is affirmed by a
> divided court, on appeal.[1]

Appeal from Muskegon; Vanderwerp (John), J.
Submitted June 5, 1925.     (Docket No. 63.)     Decided
October 27, 1925.

Bill by August Johnson and another against Charles
W. Englebertson and another to foreclose a mechanic's
lien.     From a decree for plaintiffs, defendants appeal.
Affirmed by an equally divided court.

*Alex Sutherland,* for plaintiffs.

*Charles E. Misner,* for defendants.

BIRD, J.     Plaintiffs are a copartnership.     They are
in the business of contracting.     They filed this bill
to enforce a lien against premises owned by defend-
ants.     The trial court gave them relief.

Several questions are raised by way of defense.     It
appeared upon the cross-examination of one of the
plaintiffs that he and his coplaintiff had been copart-
ners for 10 years but had filed no certificate in com-
pliance with section 6359, 2 Comp. Laws 1915.     De-
fendants' counsel raises the question that no recovery

[1]Partnership, 30 Cyc. p. 557 (Anno).

can be had in this suit by reason of the noncompliance with that statute. The trial court was of the opinion that as the contract was made by one of the parties a recovery might be had under the holding of *Rossello* v. *Trella,* 206 Mich. 20.

Section 6359 was amended in 1919 by adding the following provision:

"*Provided, however,* The fact that a penalty is provided herein for noncompliance with the provisions of this act shall not be construed to avoid contracts, but any copartnership failing to file the certificate required by section one shall be prohibited from bringing any suit, action or proceeding in any of the courts of this State until after full compliance with the provisions of this act." Act No. 265, Pub. Acts 1919 (Comp. Laws Supp. 1922, § 6359).

It is clear that the plaintiffs are, and were, copartners at the time the contract was made and the labor performed, and plaintiffs, as copartners, are now the owners of this claim. We think the statute applies and that the present suit must be dismissed.

The case of *Rossello* v. *Trella* is easily distinguishable from the present one. In that case it was said of the contract:

"No firm name is used and no mention is made of any firm or partnership anywhere in the instrument, their separate names being set out in the introductory clause where they are designated as the party of the second part."

In this case the amended bill shows that they were copartners, and that they brought this suit as such, and it further shows that the defendants were indebted to the copartnership and that the work was done by the copartnership. The contract to do the work is included in the bill of complaint and shows that the contract was made with the copartnership, and was signed by all of the parties. The affidavits for the lien attached to the bill show that they were copart-

ners, and that said firm furnished certain labor and materials for building, altering, improving, repairing, etc., the defendants' premises, and that said copartnership furnished the labor therefor. It will be observed, however, from the foregoing amendment, that plaintiffs' cause of action is not barred by this omission if they file their certificate as the law commands.

Inasmuch as the case will likely come before the court again it will be well to notice some further questions raised. Defendants say the case was dismissed for want of progress, and, therefore, cannot be revived again. After it was dismissed the parties made a stipulation that the court might set aside his order of dismissal. Upon filing this stipulation the court set the order aside and the parties went to trial without objection. The statute (3 Comp. Laws 1915, § 12574) provides that the dismissal shall be without prejudice. We think the objection is without merit.

Another question is raised that the contractor did not serve the notice required by 3 Comp. Laws 1915, § 14799. The trial court was of the opinion that this section of the statute did not apply to the contract in question because the contractor had the contract for doing only a portion of the work. We think the court was in error in this. The notice required by the statute is as essential when one has only a contract for a portion of the work as it would be if he had the entire contract. If this construction were to prevail the statutory provision would be of little force. But we agree with the court's conclusion that this defense could not be taken advantage of if not pleaded. It was a defense known to the defendants, and if they cared to rely on it they should have pleaded it in their answer.

The decree of the trial court should be reversed, with costs to defendants.

McDONALD, C. J., and MOORE and WIEST, JJ., concurred with BIRD, J.

FELLOWS, J.     I am unable to distinguish the instant case from *Rossello* v. *Trella,* 206 Mich. 20.   Nor am I able to conclude that we should reach any different result from the one there reached by reason of the amendment to the act in 1919 (Act No. 265, Pub. Acts 1919 [Comp. Laws Supp. 1922, § 6359]).     In that case, as in this one, the contract was signed by the individual members of the firm and there was no reference in the contract to a partnership, although in both cases parol proof established that the contracts were in fact partnership contracts and the work was actually performed by the partnerships.     In both cases the contracts were by their terms the contracts of individuals.     In that case we held that the statute did not apply to such a contract.     That case was followed in *Aromo* v. *Fire Association,* 218 Mich. 203, and was cited with approval in *Jones* v. *Titus,* 208 Mich. 392.     The purpose in enacting the statute was that information might be obtainable as to the names of the members of the firm.     Where the partnership contracted in the firm name the statute applied. *Maurer* v. *Greening Nursery Co.,* 199 Mich. 522. Where the members of the partnership contracted in their individual names, it did not apply.     *Rossello* v. *Trella, supra.*

If the statute before its amendment did not apply to a contract executed by the members of a copartnership in their individual names, I am unable to understand how the amendment of 1919, which was designed to liberalize the statute, should be held applicable.

I think the decree should be affirmed.

CLARK, SHARPE, and STEERE, JJ., concurred with FELLOWS, J.