MELDMAN CARTAGE CO. v. FRUEHAUF TRAILER CO.

CORPORATIONS — REPORTS — DEFAULT IN FILING — SUSPENSION OF POWERS.

Domestic corporation which had failed to file annual report in accordance with statutory provisions for doing so, may not maintain action in court against its debtor during such default since its corporate powers are suspended thereafter until it files such report (Act No. 327, § 87, Pub. Acts 1931, as amended by Act No. 96, Pub. Acts 1933).

Appeal from Wayne; Miller (Guy A.), J. Submitted January 10, 1935. (Docket No. 46, Calendar No. 38,137.) Decided April 9, 1935.

Assumpsit by Meldman Cartage Company, a Michigan corporation, against Fruehauf Trailer Company, a Michigan corporation, for sums due. From order dismissing declaration, plaintiff appeals. Affirmed.

*Louis B. Ver Wiebe,* for plaintiff.

*Stevenson, Butzel, Eaman & Long (Victor W. Klein,* of counsel), for defendant.

POTTER, C. J.  Plaintiff, claiming to be a corporation under the laws of the State of Michigan, sued defendant to recover money claimed to be in the hands of defendant, belonging to it.

It is plaintiff's claim that it bought from defendant a number of trailers upon which it paid a substantial sum, and subsequently these trailers were turned back to the defendant upon an agreement it would take and sell the same, satisfy the indebtedness of plaintiff to defendant, and the balance of the money was to be turned over to plaintiff; that the defendant did sell such trailers at a profit, and neglected and refused to turn over to plaintiff the money which plaintiff claims it agreed to do.

Plaintiff, a corporation under the laws of Michigan, failed to file its annual report for 1933.  This suit was instituted May 9, 1934.  The trial court directed a verdict for defendant upon the ground that plaintiff, not having filed its annual report, could not maintain a suit, basing its opinion upon Act No. 96, § 87, Pub. Acts 1933, which amended Act No. 327, § 87, Pub. Acts 1931.  In substance, the provisions of the statute are that the corporate powers of the corporation shall be suspended in case of its default in filing its annual report until it shall file such report.  It was defendant's contention that by reason of the operation of this statute, plaintiff's corporate powers to institute and maintain a suit had been suspended and this suit could not be maintained.  The trial court so held, in accordance with the rule stated in *Rex Beach Pictures Co. v.*

*Harry I. Garson Productions,* 209 Mich. 692; *Motor City Engineering Co.* v. *Fred E. Holmes Co.,* 241 Mich. 446; and *Nedeau* v. *United Petroleum,* 251 Mich. 673. In so holding, the trial court was correct. Judgment affirmed, with costs.

NELSON SHARPE, NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.