SMITH *v.* ERLA.

1. DISMISSAL AND NONSUIT—SET-OFF AND RECOUPMENT—CONSENT.
   In partnership's action for work and labor performed and materials furnished wherein defendant pleaded special defenses of set-off and recoupment and that plaintiffs had not filed a partnership certificate required by statute, plaintiff may not discontinue without consent of the defendant (Comp. Laws 1929, §§ 9929, 9934, 14139; Court Rule No. 38, § 1 [1945]).

2. SET-OFF AND COUNTERCLAIM—RECOUPMENT.
     Recoupment is, in effect, a counterclaim or cross action for damages.

3. CONTRACTS—PARTNERSHIP CERTIFICATE—ACTION.
     While a partnership is prevented from bringing action on a contract without having filed a certificate of copartnership with the county clerk, the contract itself is not void (2 Comp. Laws 1929, §§ 9929, 9934).

4. DISMISSAL AND NONSUIT—PARTNERSHIPS—SET-OFF AND RECOUPMENT—DISCONTINUANCE WITHOUT PREJUDICE.
     In action for work and labor performed and for materials furnished wherein defendant interposed defense of set-off and recoupment and failure to file partnership certificate, order granting plaintiff's motion for discontinuance without prejudice, over defendant's objection, was error although portion of order specifically not discontinuing defendant's action under notice of set-off and recoupment was proper (Comp. Laws 1929, §§ 9929, 9934, 14139; Court Rule No. 38, § 1 [1945]).

Appeal from Lapeer; Des Jardins (George W.), J. Submitted January 8, 1947. (Docket No. 27, Calendar No. 43,575.) Decided April 8, 1947. Rehearing denied May 16, 1947.

Assumpsit by Fred Smith and Albert Smith, copartners, doing business as Smith Brothers against John Erla. Notice of set-off and recoupment. Plaintiffs' motion for nonsuit granted. Defendant appeals. Reversed and remanded.

*Williams & Williams (James Morrice,* of counsel), for plaintiffs.

*Riseman, Lemke & Piotrowski,* for defendant.

BOYLES, J. Plaintiffs filed a declaration in circuit court for the county of Lapeer alleging that the defendant owed them $2,271.52 for work and labor performed and materials furnished. The defendant filed an answer, pleaded special defenses of set-off and recoupment and also that the plaintiffs had not filed with the clerk of Lapeer county the

certificate of copartnership required by 2 Comp. Laws 1929, § 9929 (Stat. Ann. § 20.111). Thereupon plaintiffs filed a motion for discontinuance of suit, admitting copartnership and the failure to file such certificate. The defendant filed a motion for entry of judgment of no cause of action, which motion was later withdrawn by the defendant, who elected to stand on his plea of set-off and recoupment. The court heard the motion and over defendant's objection entered an order that plaintiffs' cause of action be discontinued without prejudice. From this order the defendant appeals.

The effect of this order would be, as now claimed by plaintiffs, to allow them to start another suit against the defendant on the same subject matter, after filing the required certificate. However, the discontinuance was contrary to both statute and court rule and the order must be set aside.

"In any action hereafter commenced in this State when the defendant has given notice of a set-off or recoupment, the plaintiff shall not be allowed to discontinue his suit or submit to a nonsuit without the consent of the defendant." 3 Comp. Laws 1929, § 14139 (Stat. Ann. § 27.833).

"After a recoupment, set-off or cross bill has been pleaded by a defendant no discontinuance against such defendant may be had except by consent." Court Rule No. 38, § 1 (1945).

"A voluntary discontinuance may be at any time entered by a plaintiff upon notice and payment of costs except where a recoupment or a set-off is asserted by the defendant. Court Rule No. 38, § 1 (1933)." *Palchi* v. *Robbins,* 272 Mich. 411, 421.

The court recognized the defendant's right under his notice of set-off and recoupment, by a further provision in the order of discontinuance, as follows:

"It is further ordered that defendant and cross-plaintiff's cause of action is not discontinued and the plaintiffs and cross-defendants shall have the right to file an answer thereto within 15 days from the date hereof, and when at issue, the same shall stand for trial."

Such part of the order was proper. Counsel for plaintiffs recognized its propriety by filing a demand for bill of particulars of defendant's (cross-plaintiff's) set-off and recoupment, and by filing an answer joining issue thereon. Recoupment is, in effect, a counterclaim or cross action for damages. *Lyons* v. *City of Grand Rapids,* 305 Mich. 309, 314. While plaintiffs are prevented by statute and court rule from bringing the suit without having filed the required certificate, the contract itself is not void. By statute (2 Comp. Laws 1929, § 9934 [Stat. Ann. § 20.118]), it is provided:

"The fact that a penalty is provided herein for noncompliance with the provisions of this act shall not be construed to avoid contracts, but any copartnership failing to file the certificate required by section one shall be prohibited from bringing any suit, action or proceeding in any of the courts of this State until after full compliance with the provisions of this act."

The order appealed from is set aside in so far as it purports to be a discontinuance of plaintiffs' suit and the case is remanded for further proceedings. As to rights of parties, see *Solomon* v. *Weiner,* 188 Mich. 114. Costs of this Court to appellant.

Carr, C. J., and Butzel, Bushnell, Sharpe, Reid, North, and Dethmers, JJ., concurred.