INDUSTRIAL COORDINATORS, INC., v. ARTCO, INC.

1. CORPORATIONS—NONPAYMENT OF ANNUAL PRIVILEGE FEE—SUSPENSION OF POWERS.

   The failure of a corporation to pay its annual privilege fee does not cancel the charter of the corporation but merely suspends its capacity to exercise powers until its default is relieved (CL 1948, § 450.87).

REFERENCES FOR POINTS IN HEADNOTES

[1] 13 Am Jur, Corporations §§ 1316, 1317.
    Power of corporation after expiration or forfeiture of its charter.
    47 ALR 1288, 97 ALR 477.
[2–4] 13 Am Jur, Corporations §§ 1153, 1154.

2. SAME—NONPAYMENT OF ANNUAL PRIVILEGE FEE—SUSPENSION OF POWER TO SUE—CURING DEFAULT.

The suspension of a corporation's power to sue while it is in  default on payment of annual privilege fee, if the defense is raised, is no bar to the action once the default has been corrected (CL 1948, § 450.87).

3. SAME—ANNUAL PRIVILEGE FEE—DELAYED PAYMENT—MOTION TO DISMISS—TERMINATION OF SUSPENSION OF POWERS.

Defendant's motion to dismiss plaintiff corporation's assumpsit action because corporation's power to sue had been suspended for nonpayment of annual privilege fee at time action had been commenced was properly denied, where the default had been cured prior to time motion was filed, since the suspension was at an end (CL 1948, § 450.87).

4. SAME—SUSPENSION OF POWER TO SUE—CURING OF DEFAULT.

Corporate plaintiff which had commenced assumpsit action against defendant while corporate powers had been suspended for nonpayment of annual privilege fee, but which had cured the default before defendant interposed such nonpayment as a basis for its motion to dismiss, is not required to reinstate its suit, the suspension of its power to sue having terminated (CL 1948, § 450.87).

Appeal from Macomb; Noe (Alton H.), J. Submitted January 5, 1962. (Docket No. 46, Calendar No. 49,187.) Decided May 17, 1962.

Assumpsit by Industrial Coordinators, Inc., a Michigan corporation, against Artco, Inc., a Michigan corporation, for sums due for services rendered. Motion to dismiss denied. Defendant appeals. Affirmed.

*Lungerhausen & Stair (Hunter D. Stair,* of counsel), for plaintiff.

*Sugar & Schwartz (A. Albert Sugar,* of counsel), for defendant.

ADAMS, J. June 7, 1960, plaintiff filed its suit. On the same day, writs of garnishment were issued.

Fifty thousand dollars is now being held by the State Bank of Fraser, garnishee defendant, until further order of the court.

On May 15, 1960, pursuant to CLS 1956, § 450.82 (Stat Ann 1961 Cum Supp § 21.82), plaintiff was required to file its 1960 annual report with the corporation and securities commissioner. Plaintiff failed to file. However, the report was filed and the fees paid on June 20, 1960.

On June 22, 1960, defendant moved to make more definite and certain the bill of particulars or to strike the declaration. Demand for jury trial was made. On June 27th, plaintiff applied for discovery proceedings. On July 11th, orders granting discovery and requiring the plaintiff to make more definite and certain were entered.

On July 11, 1960, the corporation and securities commissioner issued a certificate in which he set forth the failure of the plaintiff to file its 1960 report and that the corporation was in default on June 7, 1960. Though the certificate of the corporation and securities commissioner was made on July 11, 1960, it did not become a part of these proceedings until January 25, 1961.

In the meantime, on October 12, 1960, a motion for judgment on the pleadings was filed by defendant's attorneys. It was answered, heard, and denied.

On November 4, 1960, an affidavit and answer to the order for discovery were filed by H. J. Guenther, purchasing agent for the Ford Motor Company, setting forth that during the period when the defendant purportedly had a contract for services with the plaintiff, the Ford Motor Company issued purchase orders to the defendant in the total sum of $1,342,-156.45, and that, as to some, at least, of said purchase orders, the defendant "probably would not have been invited to bid on except for the efforts of plaintiff."

On January 25, 1961, for the first time, by motion to dismiss the defense was raised that the plaintiff had no capacity to sue on June 7, 1960. The motion was denied and this appeal followed.

CL 1948, § 450.87 (Stat Ann § 21.87), grants to Michigan corporations a 10-day grace period in which to file annual reports after which penalties are imposed for failure to comply. The penalties are:

(a) Its powers shall be suspended thereafter, until it shall file such report.

(b) It shall not maintain any action or suit in any court of this State upon any contract entered into during the time of such default.

Defendant's motion to dismiss is premised on the first penalty. Defendant contends that from May 25, 1960 (the end of the grace period), until June 20, 1960, the right to institute suit in any court in this State was suspended, that commencement of the suit was a nugatory act, and that any subsequent correction of the default cannot vitalize such an act. Plaintiff claims there was substantial compliance with the law, and that the defendant has waived its defense because it was not raised until after the default had been corrected.

The contrast between penalty (a) and penalty (b) is significant. The statute flatly states that a contract entered into during the period of default cannot be enforced by the corporation in any court in the State of Michigan. This is a specific, punitive provision. See *Irvine & Meier* v. *Wienner,* 212 Mich 199; *Detroit United Fruit Auction Co.* v. *Kroger Grocery & Baking Co.,* 227 Mich 412; and *Dawn Construction Co.* v. *Paris Home Builders, Inc.,* 360 Mich 281. But while penalty (b) deals with a single act of a corporation—entering into a contract—penalty (a) is an all inclusive reference to the powers of a corporation.

The powers of a corporation are many—the power to sue and to be sued; the power to deed real estate; the power to carry on a business, et cetera. Furthermore, corporate activity consists of a flow of many acts, some beginning, some ending, and some in process at a given instant. A corporation hires, fires, manufactures, trades, sells, and engages in corporate activities until such time as the suspension is invoked. In this connection, *Turner* v. *Western Hydro-Electric Co.,* 241 Mich 6, is of interest for holding that the failure to pay fees does not cancel the charter even though the statute under consideration in that case declared the charter to be absolutely "void." The Court said that such a provision is not self-executing and that a judicial inquiry would be required in order to forfeit the corporate charter.

The problem of suspension is discussed in *Reuter, Hubb & Spoke Co.* v. *Hicks,* 181 Mich 250. The case dealt with the liability of directors of a corporation that had failed to file its fees and reports. While the Court said that the statute created a continuing liability as to directors, it also stated (p 254):

"It appears to be just as clear that the legislature intended to relieve the corporation of its default as soon as it complied with the law."

The suspension here intended is to deny to the corporation the benefit of the use of its powers until the default is cured. So, a corporation cannot carry on a suit while it is in default if the defense is raised (*Meldman Cartage Co.* v. *Fruehauf Trailer Co.,* 271 Mich 304), but once the default has been corrected, there is no bar to the action. *Eagle Oil Corp.* v. *Cohassett Oil Corp.,* 263 Mich 371.

If defendant's motion to dismiss had been filed between June 7, 1960, and June 20, 1960, it would have been within the terms of the statute. *Meldman*

*Cartage Co.* v. *Fruehauf Trailer Co., supra; Berry Door Corp.* v. *Tom McDonnell, Inc.,* 336 Mich 177. However, defendant delayed action for over 6 months after learning of the default. The default had been cured before defendant filed any motion.

Defendant states that plaintiff can reinstate its suit if defendant's motion is granted. But this would further discommode third parties and necessitate a second journey through the courts.

The trial court stated:

"I think the court can well say that with only such a few days, comparatively few days of default, and that having all been corrected prior to the making of this motion, that there has been a substantial compliance on the part of the plaintiff corporation."

While we do not agree that there was a substantial compliance in this case, since to come within that rule there must have been an effort at the time to comply with the statute, *R. C. Mahon Co.* v. *Molin,* 252 Mich 606; *Eagle Oil Corp.* v. *Cohassett Oil Corp.,* 263 Mich 371; *L. J. Barry Coal Co.* v. *Houghten,* 282 Mich 547; *Southfield Company* v. *Christensen,* 305 Mich 656, we do hold that the default of the plaintiff was cured by the filing of its annual report on June 20, 1960. Upon such filing, the defense of failure to comply, not having been theretofore raised by the defendant, was no longer available. The suspension of plaintiff's corporate powers was at an end.

The question of waiver, not being necessary to a decision in this case, is not passed upon.

Affirmed. Costs to appellee.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAVANAGH, SOURIS, and OTIS M. SMITH, JJ., concurred.