BIRCH RUN NURSERY v JEMAL

1. JUDGMENT—SUMMARY JUDGMENT—ACCELERATED JUDGMENT—MO-
    TIONS—INCORRECTLY LABELED MOTIONS.

    An incorrectly labeled motion is considered as if correctly labeled,
    absent prejudice to the other party; therefore, a motion labeled
    "motion for accelerated judgment" which raised grounds appro-
    priate under both the court rule for accelerated judgment and
    the court rule for summary judgment was treated as a motion
    for relief under both rules (GCR 1963, 116, 117).

2. PARTNERSHIP—CERTIFICATE OF PARTNERSHIP—CAPACITY TO SUE.

    A partnership which fails to file a certificate of partnership as
    required by statute is prohibited from maintaining any action
    in the courts (MCLA 449.101, 449.106).

3. PRINCIPAL AND AGENT—AGENT.

    An agent is a deputy, appointed by his principal, with power to
    do those things which the principal can do.

4. PARTNERSHIP—CERTIFICATE OF PARTNERSHIP—AGENTS—CAPACITY TO
    SUE.

    The agents of a partnership which lacks the capacity to sue for
    failure to file a certificate of partnership also lack the capacity
    to sue because an agent has no authority to act if the principal
    is without authority (MCLA 449.106).

5. EXECUTORS AND ADMINISTRATORS—SPECIAL ADMINISTRATOR—AC-
    TION ON BEHALF OF ESTATE—PROBATE COURT.

    A special administrator may bring an action on behalf of the
    estate only upon an order of the probate court (MCLA 702.61).

Appeal from Macomb, Hunter D. Stair, J. Sub-

REFERENCES FOR POINTS IN HEADNOTES
[1] 46 Am Jur 2d, Judgments § 210.
[2, 4] 60 Am Jur 2d, Partnership §§ 73, 322.
[3] 3 Am Jur 2d, Agency §§ 1–7.
[5] 31 Am Jur 2d, § 654.

mitted Division 2 January 10, 1974, at Detroit. (Docket No. 16508.) Decided March 6, 1974. Leave to appeal applied for.

Complaint by Birch Run Nursery and others against Alexander J. Jemal and others for breach of contract and to recover certain personal effects of a deceased partner. Accelerated judgment and summary judgment for defendants. Plaintiffs appeal. Affirmed.

*Frederick W. Zizelman, Jr.,* for plaintiffs.

*Alexander J. Jemal, Jr.,* for defendants.

Before: McGregor, P. J., and J. H. Gillis and O'Hara,* JJ.

J. H. Gillis, J. The trial court granted defendants' motion for accelerated judgment and summary judgment pursuant to GCR 1963, 116 and 117.[1] Plaintiffs appeal as of right. On appeal, we accept as true the well-pleaded facts in plaintiffs' complaint. *Harrison v Arrow Metal Products Corp,* 20 Mich App 590; 174 NW2d 875 (1969); *Johnston's Administrator v United Airlines,* 23 Mich App 279; 178 NW2d 536 (1970).

The claims of plaintiff, Birch Run Nursery, an alleged Michigan copartnership, and plaintiffs Arthur R. Alexander and Hugh Alexander, *in their capacity as surviving partners,* are asserted in

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] While defendants' motion was labeled only "motion for accelerated judgment", it raised grounds appropriate under both GCR 1963, 116 and 117. An incorrectly labeled motion is considered as if correctly labeled, absent prejudice to the other party. *Cibor v Oakwood Hospital,* 14 Mich App 1; 165 NW2d 326 (1968); 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 337. There was no prejudice here.

counts one and two of the four-count complaint.[2]
These counts allege that Virginia Alexander, with
intent to defraud, breached an agreement to con-
vey to the partnership, at its request, certain
partnership property she held in her own name.

Birch Run Nursery failed to file a certificate of
partnership as required by MCLA 449.101; MSA
20.111. Therefore, it is prohibited from maintain-
ing any action in our courts. MCLA 449.106; MSA
20.118; *Smith v Erla,* 317 Mich 109; 26 NW2d 728
(1947). The trial court correctly dismissed Birch
Run's claims. GCR 1963, 116.1(3).

Likewise, the motion for accelerated judgment
was properly granted as to plaintiffs Arthur and
Hugh Alexander, as partners. GCR 1963, 116.1(3).
Partners are agents of the partnership. MCLA
449.9; MSA 20.9. An agent is a deputy, appointed
by his principal, with power to do those things
which the principal can do. *Burton v Burton,* 332
Mich 326; 51 NW2d 297 (1952). It follows that an
agent has no authority to act if his principal is
without authority. Therefore, since the principal,
Birch Run Nursery, lacks capacity to sue, MCLA
449.106; MSA 20.118, so do its agents, Arthur and
Hugh Alexander.

Arthur Alexander's claims, as special adminis-
trator of Ferdinand Alexander's estate, are as-
serted in counts three and four. He alleges that
defendants are improperly in possession of some of
decedent's personal effects. A special administrator
may bring an action on behalf of the estate only
upon an order of the probate court. MCLA 702.61;

---

[2] Defendants deny that Birch Run Nursery was ever operated as a
partnership. They claim that the nursery was the sole proprietorship
of Ferdinand Alexander. Several exhibits support their position.
While we find it unnecessary to decide this question, we tend to agree
with the trial judge's conclusion that plaintiffs' assertion of a partner-
ship is "fantastic".

MSA 27.3178(131); *Wright v Brown,* 317 Mich 561; 27 NW2d 97 (1947). The briefs and record indicate that Arthur lacked probate court authorization to represent the estate in this cause. Therefore, dismissal of his claims as special administrator was correct. GCR 1963, 116.1(5).

Lastly, the complaint nowhere alleges injury to plaintiffs Arthur and Hugh Alexander *as individuals.* Having "failed to state a claim upon which relief can be granted", GCR 1963, 117.2(1), the trial court properly granted defendants' motion for summary judgment as to these plaintiffs.

Affirmed. Costs to appellees.

All concurred.