GEORGE MORRIS CRUISES v IRWIN YACHT & MARINE
CORPORATION

Docket No. 106207. Submitted May 9, 1989, at Lansing. Decided
October 7, 1991, at 9:30 A.M.

George Morris Cruises, a Delaware partnership, and C. William
Garratt and John W. Unger, its partners, brought an action in
the Oakland Circuit Court against Irwin Yacht & Marine
Corporation and others, alleging breach of contract and viola-
tions of the Consumer Protection Act in connection with the
partnership's purchase of a sailboat from the defendants. The
defendants moved for summary disposition, claiming that the
plaintiffs lacked legal capacity to sue because a certificate of
copartnership for George Morris Cruises had not been filed
with the appropriate county clerk as required by MCL 449.106;
MSA 20.118. The court, Robert L. Templin, J., granted the
defendants' motion, but before an order of dismissal was en-
tered, the plaintiffs filed a certificate of copartnership to cure
the defect in standing. Following another hearing, the court
dismissed the action with prejudice. The plaintiffs appealed.

The Court of Appeals *held:*

1. The trial court did not err in dismissing the claims of
plaintiffs Garratt and Unger. The contract of sale was between
the partnership and the defendants. However, Garratt and
Unger did not bring suit in their capacity as partners or
otherwise establish that their claims were independent of those
of the partnership. The trial court also did not abuse its
discretion in denying Garratt and Unger leave to amend the
complaint, because amendment would have been futile, given
their inability to establish independent claims and the fact that
the partnership had been a plaintiff in the action.

2. The trial court erred in ruling that the partnership lacked
legal capacity to sue because a certificate of copartnership was
not filed before the action was brought and that such defect
was not cured by the filing of a certificate before the dismissal

REFERENCES

Am Jur 2d, Partnership §§ 703, 704.

See the Index to Annotations under Parties; Partners and Partner-
ships.

of the action. While there remain genuine issues of material fact regarding whether the partnership was engaged in business in Michigan so as to be properly subject to the certificate-filing requirements of MCL 449.101; MSA 20.111 and the penalties for nonfiling as provided in MCL 449.106; MSA 20.118, noncompliance by the partnership, if any, was cured with the filing of a certificate before the action was dismissed. A dismissal of a partnership's action for lack of capacity to sue because of a failure to file a certificate of copartnership should be without prejudice.

Affirmed in part, reversed in part, and remanded.

McDONALD, P.J., dissenting in part, stated that MCL 449.106; MSA 20.118 clearly requires that a certificate be filed before an action is initiated and that the filing of the certificate of copartnership before dismissal of the action did not provide the partnership with legal capacity to sue.

PARTNERSHIP — CERTIFICATES OF COPARTNERSHIP — ACTIONS.

In order to carry on business or maintain a business office in Michigan, a partnership must file a certificate of copartnership with the clerk of the county in which its business is to be located; a partnership that fails to comply with this requirement is precluded from bringing any suit, action, or proceeding in a Michigan court until it files such a certificate; if a partnership brings an action without having filed the certificate, it may preserve its action and avoid a dismissal by filing a certificate (MCL 449.101, 449.106; MSA 20.111, 20.118).

*Garratt, Morris & Evans, P.C.* (by *C. William Garratt*), for George Morris Cruises, C. William Garratt, and John W. Unger.

*Reynolds, Beeby, Magnuson & Kenny, P.C.* (by *Thomas G. Grubba*), for Irwin Yacht & Marine Corporation, Ted Irwin, Inc., Irwin Competition Yachts, and Ted Irwin.

*Butzel Long Gust Klein & Van Zile* (by *Richard E. Rassel* and *J. Michael Huget*), for Torresen Marine, Inc.

Before: McDONALD, P.J., and CAVANAGH and REILLY, JJ.

REILLY, J. Plaintiffs appeal as of right from an order granting the defendants' motion for summary disposition and dismissing the plaintiffs' complaint with prejudice on the grounds that the action was barred by MCL 449.106; MSA 20.118. We affirm in part, reverse in part, and remand for further proceedings.

Plaintiffs George Morris Cruises, C. William Garratt, and John W. Unger commenced the instant action in June 1987. According to a filed affidavit, George Morris Cruises is a Delaware partnership comprised of individual plaintiffs C. William Garratt and John W. Unger. In their first amended complaint, the plaintiffs alleged that on June 11, 1981, they acquired a forty-foot "Irwin Citation" sailboat that was designed and manufactured by defendants Irwin Yacht & Marine Corporation, Ted Irwin, Inc., Irwin Competition Yachts, and Ted Irwin and partially assembled and serviced by defendant Torresen Marine, Inc. The complaint alleged that the defendants "violated the Michigan Consumer Protection Act, and other, related contractual obligations, duties, [and] undertakings to plaintiffs."

Defendant Torresen responded to the complaint by bringing a motion for summary disposition pursuant to MCR 2.116(C)(5), contesting the plaintiffs' standing to bring suit. The Irwin defendants later joined in the motion. At a hearing on November 12, 1987, the trial court granted the motion, holding that plaintiffs' failure to file a certificate of copartnership on behalf of George Morris Cruises barred them from bringing the instant action. After the trial court's ruling, but before an order of dismissal was entered, the plaintiffs filed the necessary certificate of copartnership with the Antrim County Clerk, stating on the face of the certificate that "George Morris Cruises is not con-

ducting or carrying on and has not conducted or carried on business within the meaning of MCL 449.101 *et seq.* [MSA 20.111 *et seq.*] or 600.721 *et seq.* [MSA 27A.721 *et seq.*]." A dispute arose concerning the scope of the trial court's November 12 bench ruling, including the issue whether plaintiffs properly cured the defect in standing by filing a certificate of copartnership before an order of dismissal was entered. Consequently, another hearing was held on January 4, 1988, following which the trial court dismissed the plaintiffs' complaint with prejudice. Plaintiffs now appeal as of right, raising several issues.[1]

MCL 449.101; MSA 20.111 (hereinafter referred to as § 1) provides in pertinent part:

> No 2 or more persons shall hereafter be engaged in carrying on any business as copartners unless such persons shall first make and file with the county clerk of the county in which such copartnership business is or shall be located, a certificate in writing . . . setting forth the full name of each and every person composing the said copartnership[.]

Further, MCL 449.106; MSA 20.118 (hereinafter referred to as § 6), provides in pertinent part:

> Any 2 or more persons owning, carrying on or conducting or transacting business as aforesaid,

---

[1] On motion of defendant Irwin Yacht & Marine Corporation, this Court issued an order on July 27, 1989, staying proceedings in this Court because of Irwin Yacht's pending Chapter 11 bankruptcy proceedings. On March 14, 1991, the bankruptcy court entered an order approving a settlement between the parties in the bankruptcy proceedings. The case has now been resubmitted for a decision by this Court. According to the plaintiffs, a settlement has been reached with the Irwin defendants, thus leaving defendant Torresen Marine, Inc., as the only remaining appellee. Because those issues pertaining solely to the Irwin defendants are now moot, they are not addressed. All further references to defendant in this opinion shall be deemed to refer solely to defendant Torresen Marine, Inc.

> who shall fail to comply with the provisions of this
> act, shall each be guilty of a misdemeanor . . .
> Provided, however, The fact that a penalty is
> provided herein for noncompliance with the provi-
> sions of this act shall not be construed to avoid
> contracts, *but any copartnership failing to file the
> certificate or renewal certificate required by this
> act shall be prohibited from bringing any suit,
> action or proceeding in any of the courts of this
> state until after full compliance with the provi-
> sions of this act.* [Emphasis added.]

A defense that a partnership is barred from
bringing suit because of failure to file a certificate
of copartnership may be asserted by bringing a
motion for summary disposition pursuant to MCR
2.116(C)(5), lack of legal capacity to sue. See
*Thomas Industries, Inc v Wells,* 403 Mich 466, 469;
270 NW2d 98 (1978). In reviewing such a motion, a
court must consider the affidavits, together with
the pleadings, depositions, admissions, and docu-
mentary evidence filed in the action or submitted
by the parties. MCR 2.116(G)(5). Summary disposi-
tion is proper if the pleadings show that a party is
entitled to judgment as a matter of law, or if the
affidavits or other proofs show that there is no
genuine issue of material fact. MCR 2.116(I)(1).

I

We begin by addressing the assertions of individ-
ual plaintiffs Garratt and Unger, who contend that
they have standing to maintain individual actions
regardless of whether a certificate of copartnership
was required to be filed on behalf of the partner-
ship. We disagree.

Defendants presented documentary evidence
showing that the sailboat was purchased solely in
the name of the partnership, George Morris

Cruises. For purposes of litigation, a partnership is considered a separate entity. *Yenglin v Mazur,* 121 Mich App 218, 224; 328 NW2d 624 (1982). Neither Garratt nor Unger have identified any facts showing how they possess an individual claim independent of that of the partnership. Moreover, while MCL 600.2051(2); MSA 27A.2051(2) permits a partnership claim to be brought in the name of the partnership *or* the individual partners *designated as such,* neither Garratt nor Unger are designated in the present action as partners. We note that even if Garratt and Unger had been so designated, their standing to sue would be no greater than that of the partnership itself. As agents of the partnership, see MCL 449.9; MSA 20.9, they would possess the power to do only those things that the partnership itself could do; therefore, if the partnership lacked the capacity to sue, so would they as its agents. *Birch Run Nursery v Jemal,* 52 Mich App 23, 25; 216 NW2d 488 (1974), rev'd in part on other grounds 393 Mich 775 (1974).

We do not find *Johnson v Englebertson,* 232 Mich 518; 205 NW 604 (1925), cited by plaintiffs, to be supportive of the contention that Garratt and Unger are entitled to maintain individual actions. In *Johnson,* an equally divided Supreme Court, relying on an earlier decision in *Rosello v Trella,* 206 Mich 20; 172 NW 420 (1919), affirmed a trial court decision permitting partners to maintain a contract action in their individual capacities despite the fact that a certificate of copartnership had not been filed.[2] However, unlike the situation in the instant case, the contracts involved in *Johnson* and *Rosello* were signed by the plaintiffs in their individual names, with no reference made in the contracts to the partnership. Thus, because the

[2] The opinion for reversal in *Johnson* would have required the filing of a certificate of copartnership in order to confer standing.

present case involves a contract in the partnership name, rather than a contract made individually, neither *Johnson* nor *Rosello* is controlling.

Accordingly, because neither Garratt nor Unger brought the instant action in their capacity as partners, and because they have not otherwise shown how they possess individual claims independent of that of the partnership, we conclude that summary disposition was properly granted with respect to their claims.

We also find without merit the contention that the trial court abused its discretion in denying the individual plaintiffs leave to amend their complaint to allege more clearly that they were bringing the instant action "both individually and as partners." Because the individual plaintiffs have not shown how they possess individual claims independent of that of the partnership, because the present action has already been brought in the partnership name, and because the individual plaintiffs would not possess any rights greater than those of the partnership itself had they brought the instant action as designated partners, such an amendment would have been futile. *Atlanta International Ins Co v Bell,* 181 Mich App 272, 275; 448 NW2d 804 (1989).

II

We now turn to the issue whether summary disposition was properly granted with respect to the claim of the partnership, George Morris Cruises. Given our prior disposition of the individual plaintiffs' claims, all future references in this opinion to plaintiff shall be deemed to refer only to the partnership, unless a contrary indication is provided.

Plaintiff raises several arguments in support of

its claim that summary disposition was improperly granted. First, plaintiff argues that it did not carry on business or maintain a business office in Michigan and therefore was not subject to the filing requirements of § 1. Alternatively, plaintiff argues that if it was subject to the filing requirements, the trial court nevertheless erred in dismissing the lawsuit once the defect in standing was cured with the filing of a partnership certificate. Plaintiff further argues that even if dismissal was warranted, the trial court erred in dismissing the lawsuit with prejudice.

Regarding plaintiff's first argument, we agree that § 1 does not require the filing of a certificate of copartnership by a partnership that does not carry on business or maintain a business office in this state. Therefore, § 6 would not be applicable to bar suit by such a partnership. This conclusion follows logically from a plain reading of §§ 1 and 6 and is in accord with decisions of other jurisdictions having similar statutory requirements. See 68 CJS, Partnership, § 66, p 490, and the cases cited therein.

We reject defendant's argument that § 6, because it uses the word "owning," subjects to the filing requirements of § 1 every Michigan resident who possesses an ownership interest in a partnership even if the partnership does not carry on business in this state. As a careful reading of § 6 will disclose, the language "owning, carrying on or conducting or transacting business" is immediately followed by the phrase "as aforesaid." Therefore, because § 1 clearly would be inapplicable to a partnership that does not carry on business in this state, defendant's argument is without merit.

We also agree that, by itself, the isolated purchase of a sailboat in Michigan would be insufficient to constitute carrying on business. See *Long*

*Mfg Co, Inc v Wright-Way Farm Service, Inc,* 391
Mich 82; 214 NW2d 816 (1974) (holding that a
statute requiring a foreign corporation to procure
a certificate of authority before transacting busi-
ness in this state[3] is inapplicable to a corporation
that engages in an isolated activity not evidencing
an intention to carry on the corporate business).

In the present case, plaintiff submitted an affida-
vit stating that George Morris Cruises was a Dela-
ware partnership that did not carry on or conduct
business in Michigan or maintain any business
office in Michigan. Nevertheless, the trial court
concluded that there was no genuine issue regard-
ing the fact that plaintiff was a partnership sub-
ject to both the requirements of, and the penalties
imposed by, §§ 1 and 6. In so concluding, the court
relied on a clause in the plaintiffs' complaint
stating that plaintiffs "have their principle [sic]
places of business in Oakland County and Antrim
County, Michigan."

We conclude that such reliance was misplaced.
It was argued below, as it is on appeal, that the
quoted clause refers only to the principal place of
business of the individual plaintiffs, not the part-
nership. It is our opinion that the language relied
upon is ambiguous and that the construction urged
by plaintiff is as plausible as that reached by the
trial court. We believe that the submitted evidence
established the presence of a genuine issue of fact
regarding whether plaintiff was carrying on busi-
ness in Michigan such that it was required to file a
certificate of copartnership in Michigan. The trial
court therefore erred in granting the defendants'
motion for summary disposition on the basis of an
ambiguous clause in the complaint, particularly
where an amendment could have cleared up the
ambiguity.

---

[3] MCL 450.93; MSA 21.94, now MCL 450.2011; MSA 21.200(1011).

Although the nature and scope of a business entity's contacts with Michigan, when in dispute, has been held to be a proper issue for trial, see *Thomas Industries, Inc, supra* at 470-471, we find that resolution of the issue in the instant case is unnecessary at this juncture. Instead, relying on cases construing prior analogous provisions under the General Corporation Act, we find that plaintiff's filing of a certificate of copartnership before actual dismissal of the lawsuit cured any defect in standing that otherwise may have existed.

Before 1973, § 87 of the General Corporation Act, MCL 450.87; MSA 21.87, provided that the corporate powers of a corporation in default for failure to file its annual report, including the power to institute and maintain suit, were suspended until the annual report was filed.[4] *Meldman Cartage Co v Fruehauf Trailer Co*, 271 Mich 304; 259 NW 905 (1935). In *Michigan Rural Development, Inc v El Mac Hills Resort, Inc*, 34 Mich App 505, 509; 191 NW2d 733 (1971), this Court held that a corporation that had instituted suit while in default could properly proceed with its action if it cured the default before actual dismissal of the action:

> It follows, we think, that the provision suspending the powers of a corporation was intended by the Legislature merely to enforce payment of fees and compel compliance with statutory duties. As a result, where a corporation has cured its default, whether due to pressure caused by inability to

---

[4] Section 87 was repealed with the enactment of 1972 PA 284, the Business Corporation Act, MCL 450.1101 *et seq.*; MSA 21.200(101) *et seq.* While suspension of powers is no longer a penalty for noncompliance with the requirements of filing annual reports, see MCL 450.1921; MSA 21.200(921), a corporation that neglects to file its annual report for a period of two years is subject to automatic dissolution under MCL 450.1922; MSA 21.200(922).

proceed with a lawsuit or by inability to exercise some other corporate power, the purposes of the statute have been fulfilled and no further sanction is necessary. *We hold, therefore, that a corporation is entitled to proceed with a pending lawsuit if it cures its default at any time prior to actual dismissal of the suit.* This holding appears to be in accord with a majority of the jurisdictions which have passed on the subject. See 9 Fletcher Cyclopedia Corporations (1964 Rev), § 4272, and cases cited therein. [Emphasis added.]

Also see *Industrial Coordinators, Inc v Artco, Inc,* 366 Mich 313; 115 NW2d 123 (1962).

We believe that the penalty provision in § 6, barring suit by a noncomplying copartnership, being similar in both purpose and effect to § 87 of the General Corporation Act, is similarly intended merely to compel compliance with the statutory filing requirements relative to copartnerships and does not prohibit a noncomplying copartnership from curing a defect in standing by complying with the filing requirements after a lawsuit has been commenced. We believe the language in § 6 explicitly providing that noncompliance shall not be construed to avoid contracts, as well as the language recognizing a right to bring suit upon full compliance, supports such a conclusion. To hold otherwise would result in dismissal followed by a reinstitution of the same lawsuit, with no apparent benefit to either party. We hold, therefore, that any defect in standing attributable to plaintiff's failure to file a certificate of copartnership before bringing suit was cured when plaintiff subsequently filed the required certificate before actual dismissal of the action.

Accordingly, the circuit court order granting summary disposition in favor of defendant Torresen is reversed.

### III

While our disposition of the prior issue renders it unnecessary for us to decide whether it was an abuse of discretion to dismiss the action *with prejudice,* we believe a brief discussion of this issue is in order.

Generally, the decision whether to dismiss a case with prejudice is within the trial court's discretion. *North v Dep't of Mental Health,* 427 Mich 659, 661; 397 NW2d 793 (1986). However, for the reasons discussed in *Thomas Industries, Inc, supra* at 472, we believe that dismissals for lack of capacity due to the failure of a copartnership to comply with the statutory filing requirements generally should be without prejudice. Contrary to what defendant urges, *Smith v Erla,* 317 Mich 109; 26 NW2d 728 (1947), simply does not hold that any such dismissal is required to be with prejudice. In *Smith,* this Court denied the nonfiling partnership a discontinuance of the entire suit because a countercomplaint for recoupment and setoff had been filed.

### IV

In light of our disposition of the preceding issues, it is unnecessary for us to address the plaintiff's constitutional arguments, which we find, in any event, to be without merit.

Affirmed in part, reversed in part, and remanded. We do not retain jurisdiction.

CAVANAGH, J., concurred.

McDONALD, P.J. (*concurring in part and dissent-*

*ing in part).* I agree with the majority that the trial court erred in granting defendants' motion for summary disposition where the evidence submitted established the presence of a genuine issue of fact regarding whether plaintiff George Morris Cruises was carrying on business in Michigan and therefore was required to file a certificate of co-. partnership. I further agree summary disposition was properly granted with respect to the individual claims of the partners for the reasons stated.

However, I disagree with the majority's holding that plaintiff's actual filing of a certificate of copartnership before dismissal of the lawsuit cured any defect in standing.

MCL 449.106; MSA 20.118 clearly prohibits a party from *bringing* suit "until after full compliance" with the statute. Plaintiff was required to file its certificate of copartnership before this action was filed. The trial court's dismissal of plaintiff's complaint for lack of compliance with this provision was proper.

There is a rational basis for the Legislature to require that a partnership file a certificate to indicate its existence. The statutory schemes, filing requirements and methods of taxation of partnerships are different from those of corporations. Another important distinction is that corporations are required to file annual reports and partnerships are not. Thus, it is more difficult for the public to obtain information about a partnership, making it a more likely vehicle for fraud.

I would remand to the trial court for resolution of the factual dispute regarding whether plaintiff is subject to the requirements of the partnership act. If found subject to its provisions, I would affirm the trial court's dismissal of plaintiff's complaint.