MARCUS v. BUSCH.

1. MUNICIPAL CORPORATIONS—ZONING—VARIANCE—MULTIPLE RESI-
   DENCE—INSURANCE OFFICE BUILDING.
   Party attacking action of zoning board of appeals in granting a
   variance to erect an insurance office building in a multiple-
   residence zone must not only be a resident of the city but must
   be party who is aggrieved (City of Grand Rapids Zoning Ordi-
   nance, art 16, §§ 1601, 1602).

2. INJUNCTION — VARIANCE — PARTIES — EVIDENCE OF INJURY — RE-
   MAND.
   Judgment enjoining erection of insurance office building in a
   multiple-residence zone, for which board of zoning appeals had
   granted a use variance, on ground that board had not stated
   sufficient reasons to grant a variance, is reversed for purpose
   of taking additional testimony to determine the plaintiffs'
   status, where evidence shows they were residents but there was
   no proof that they are aggrieved or that they have suffered any
   injury (City of Grand Rapids Zoning Ordinance, art 16, §§
   1601, 1602).

3. COSTS—REMAND—PARTIES.
   Costs in suit to enjoin defendants from erecting a building under
   a granted use variance, are to abide final result, where case is
   remanded for determination of whether plaintiffs are proper
   parties.

Appeal from Kent; VanderPloeg (Claude), J.
Submitted Division 3 March 23, 1965, at Grand
Rapids. (Docket No. 555.) Decided April 19, 1965.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 58 Am Jur, Zoning § 220.
[3] 5 Am Jur 2d, Appeal and Error § 1009 et seq.

Complaint by Allen Marcus and Lowell Thomas against John Busch and Metropolitan Life Insurance Company, a corporation, to enjoin defendants from proceeding to erect a building under a use variance granted by the board of zoning appeals of the city of Grand Rapids. Judgment for plaintiffs. Defendant Busch appeals. Reversed and remanded with instructions.

*Cholette, Perkins & Buchanan (Don V. Souter,* of counsel), for plaintiffs.

*Warner, Norcross & Judd (Thomas J. McNamara,* of counsel), for defendant Busch.

PER CURIAM. The board of zoning appeals for the city of Grand Rapids granted a use variance to the defendant. The variance allowed the defendant to erect an insurance office building in a B–1 zone.*

The circuit judge enjoined defendant from proceeding to erect said building on the grounds that the board did not state sufficient reasons to grant the variance. Defendant has appealed that decision to this Court, and this Court has heard the case on its merits as a motion.

Among the grounds for the appeal, appellant has claimed that plaintiffs-appellees have failed to prove that they are property owners or aggrieved parties.

Plaintiffs have alleged in their complaint that they are residents and property owners in the city

---

* "1601. PRIMARY INTENDED USE. This zone district is designed primarily for 3-story apartments and one- and two-family residences, but rooming and lodging houses for not more than 5 persons are permitted.

"1602. PROHIBITED USES. Within any 'B–1' District no building, structure or premises shall be used and no building or structure shall be erected or altered which is intended or designed to be used in whole or in part for any of the following prohibited uses: * * *

"(c) Hotels, institutional offices and insurance offices." City of Grand Rapids. Zoning Ordinance, art 16 (as amended December 8, 1952).

of Grand Rapids. Defendant neither admits nor denies this allegation. One Herbert Soodsma, an agent for defendant, has testified that plaintiffs live in the city of Grand Rapids, but no testimony has been set forth to the effect that plaintiffs are property owners. Further, no proof has been elicited that they are aggrieved or that they have suffered any injury.

The consensus of authority throughout the country is that to have any status in court to attack the actions of a zoning board of appeals, the party must be an aggrieved party, and said party must be more than a resident of the city. See, generally, 58 Am Jur, Zoning § 253 (1956); Annotation, 168 ALR 133 (1947); 8 McQuillin, Municipal Corporations § 25.292 (3d ed rev 1957).

The cause is hereby remanded to the circuit court for the county of Kent for the purpose of taking additional testimony to determine the plaintiffs' status. Costs to abide the final result.

BURNS, P. J., and FITZGERALD and HOLBROOK, JJ., concurred.