JOSEPH *v*. TOWNSHIP OF GRAND BLANC.

1. TOWNSHIPS—BOARD MEETINGS—RIGHT TO VOTE—QUALIFIED ELECTOR.

Trial court holding that plaintiff elector was not entitled to vote at a meeting of the township board *held*, correct, such right not being provided by statute (CLS 1961, § 41.72b).

2. SAME—QUALIFIED ELECTOR—RIGHT TO VOTE—ANNUAL TOWNSHIP MEETING.

Each qualified voter has a right to vote at annual township meetings.

3. SAME—STATUTES—FORMATION OF TOWNSHIPS.

Formation of townships is statutory in this State.

4. SAME—OFFICERS—ELECTIONS—FIRST TOWNSHIP MEETING.

All township officers are elected at the first township meeting (CL 1948, § 46.16).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 52 Am Jur, Towns and Townships §§ 11, 47.
[3] 52 Am Jur, Towns and Townships § 5.
[4] 52 Am Jur, Towns and Townships §§ 15, 17.
[5] 52 Am Jur, Towns and Townships §§ 15, 19.
[6] 52 Am Jur, Towns and Townships § 47.
[7] 52 Am Jur, Towns and Townships § 19; 58 Am Jur, Zoning § 8.
[8] 52 Am Jur, Towns and Townships § 48; 58 Am Jur, Zoning §§ 220, 253.
[9] 58 Am Jur, Zoning § 253.
[10, 11] 58 Am Jur, Zoning §§ 231, 234, 253, 258.
[12] 58 Am Jur, Zoning §§ 251, 253, 259.
[13] 5 Am Jur 2d, Appeal and Error § 898.

5. SAME—OFFICERS—TRUSTEES—BOARD DUTIES.

The township officers and trustees constitute the township board, which is charged with responsibility of transacting township business at regular board meetings (CLS 1961, § 41.70).

6. SAME—CITIZENS—HEARING—VOTING—BOARD MEETINGS.

Citizens of a township have the right to be present and to be heard at township board meetings, but the right of a person not a member of the board to vote at such a meeting is not provided for in the statute (CLS 1961, § 41.72b).

7. SAME—BOARD—ZONING ORDINANCES.

A township board may enact ordinances for the purpose of zoning (CL 1948 and CLS 1961, §§ 125.271–125.298).

8. SAME—ZONING—VARIANCE—COMMERCIAL DEVELOPMENT.

Party attacking action of township board in passing a zoning ordinance, the effect of which was to rezone certain property for commercial development, must be an aggrieved party, and must be more than just a resident of the township (CL 1948 and CLS 1961, §§ 125.271–125.298).

9. SAME—ZONING ORDINANCE—NONABUTTING PROPERTY OWNER.

Plaintiff, a nonabutting owner, must allege and prove that he has suffered a substantial damage which is not common to other property owners similarly situated, in order to maintain action to enjoin enforcement of township zoning ordinance (CL 1948 and CLS 1961, §§ 125.271–125.298).

10. SAME—APPEAL AND ERROR—SPECIAL DAMAGES.

Plaintiff's contention that he had standing as a nonabutting property owner to attack a township zoning ordinance since he will suffer economic and aesthetic losses because traffic will be increased on the dirt road fronting on his property *held*, without merit, as mere increase in traffic with its incidental inconvenience does not constitute such substantial damage as to make plaintiff an aggrieved party, and plaintiff also failed to allege and prove special damages.

11. SAME—TRAFFIC CONGESTION—POLICE PROBLEM—ZONING.

Mere increase in traffic congestion, with its attendant difficulties for property owners whose property fronts on the street, is a matter which addresses itself to the police authorities of the municipality rather than to the zoning authorities.

12. SAME—APPEAL—SUMMARY JUDGMENT—ZONING—SPECIAL DAMAGES—AGGRIEVED PARTY.

Holding of trial court granting defendant township board's motion for summary judgment in action by nonabutting property owner to enjoin enforcement of zoning ordinance *held*, correct, where plaintiff did not allege that he had suffered any special damages, different in kind from those suffered by the community, so as to qualify as an aggrieved party, although there had been 5 months within which to make such allegation.

13. APPEAL AND ERROR—JURY TRIAL—QUESTIONS REVIEWABLE.

Plaintiff's contention that he was entitled to a jury trial even though he sought injunctive relief need not be decided, where the appeal is disposed of on other grounds.

Appeal from Genesee; Parker (Donn D.), J. Submitted Division 2 October 6, 1966, at Lansing. (Docket No. 1,659.) Decided January 10, 1967. Leave to appeal denied by Supreme Court March 15, 1967. See 379 Mich 755.

Complaint by Ronald L. Joseph against the Township of Grand Blanc, a municipal corporation, W. Kenneth Harris, township agent, William Temple, township building inspector, and Laverne H. Murphy, administrator of estate of John J. Murphy, deceased, to test validity of a township zoning ordinance and to enjoin its enforcement. Summary judgment for defendants. Plaintiff appeals. Affirmed.

*Ronald L. Joseph*, in propria persona.

*Michael W. Evanoff*, for defendant Murphy.

*McTaggart & Lattie* (*Lyndon J. Lattie*, of counsel), for defendants Township of Grand Blanc, W. Kenneth Harris, and William Temple.

N. J. KAUFMAN, J. On April 28, 1965, the Grand Blanc township board, acting at a regular meeting, passed a zoning ordinance which provided that cer-

tain property was to be rezoned for commercial building. Plaintiff is a resident of the township of Grand Blanc and was present at the board meeting. At this meeting, plaintiff, a qualified elector, attempted to vote on the question of whether or not this zoning ordinance should be passed. The board did not count plaintiff's vote.

Plaintiff brought the present suit, praying that the ordinance be enjoined from taking effect and that it be declared null and void. The trial court held that the plaintiff was not entitled to relief since his property was located about 1 mile from the rezoned property and he did not allege any special damage. The court granted defendants' motion for summary judgment since plaintiff could not maintain the action and was not an aggrieved party.

Plaintiff contends that he had a right to vote[1] at the board meeting and because this was denied to him the ordinance should be declared null and void. In his brief, plaintiff cites historical authority to show the importance of annual township meetings and the right of each qualified elector of the township to vote at such a meeting. However, plaintiff fails to distinguish between the annual township meeting and the meeting of the township board. In this distinction lies the answer to plaintiff's first contention.

Michigan statutes provide for the formation of townships. All township officers are elected at the first township meeting.[2] The township officers and trustees constitute the township board,[3] which is

---

[1] This contention is based on the language of CL 1948, § 41.102, as amended by PA 1963 (2d Ex Sess), No 1 (Stat Ann 1965 Cum Supp § 5.151).

[2] CL 1948, § 46.16 (Stat Ann 1961 Rev § 5.339). See, also, *Township of Comins* v. *Township of Harrisville* (1881), 45 Mich 442.

[3] CLS 1961, § 41.70 (Stat Ann 1961 Rev § 5.62).

charged with the responsibility of transacting township business at regular board meetings. Citizens of the township have the right to be present and to be heard at the board meeting, but the right to vote at such a meeting is not provided for in the statute.[4] The township board may enact ordinances for the purpose of zoning.[5] The plaintiff has conceded that such an ordinance authorizing the township board to provide for zoning has been duly enacted by defendant township.

Reference to these statutes shows that plaintiff's contention is without merit. Plaintiff was not attending the annual township meeting but rather he was attending a meeting of the township board. This board is elected by the qualified voters to transact business for the community. It is specifically empowered to pass zoning ordinances.

We hold that plaintiff, while given the right to vote at the annual township meeting, did not have the right to vote at the township board meeting.

The plaintiff next contends that the court erred in granting defendants' motion for summary judgment on the basis that plaintiff, not being an abutting property owner, failed to show any special damage.

This Court has recently held in *Marcus* v. *Busch* (1965), 1 Mich App 134, 136 that "the consensus of authority throughout the country is that to have any status in court to attack the actions of a zoning board of appeals, the party must be an aggrieved party, and said party must be more than a resident of the city."

In order to maintain this action, plaintiff, a nonabutting property owner, must allege and prove

4 CLS 1961, § 41.72b (Stat Ann 1961 Rev § 5.64[2]).
5 CL 1948 and CLS 1961, §§ 125.271–125.298 (Stat Ann 1958 Rev and Stat Ann 1965 Cum Supp §§ 5.2963[1]–[28]).

that he has suffered a substantial damage which is not common to other property owners similarly situated. *Victoria Corporation* v. *Atlanta Merchandise Mart, Inc.* (1960), 101 Ga App 163 (112 SE2d 793). See comment in 64 MLR 1070, 1079. In his complaint, plaintiff claims that because of this rezoning, traffic will be increased on the dirt road fronting on his property; because of this, he will suffer economic and aesthetic losses. The record further discloses that the question of whether or not plaintiff suffered special damage was before the court for a period in excess of 5 months, during which time special damages could have been alleged.

Other jurisdictions have held that a mere increase in traffic with its incidental inconvenience did not constitute a substantial damage and, therefore, the plaintiff was not considered to be an aggrieved party.[6] The reasoning in the cases is that such increase in traffic congestion, with its attendant difficulties for property owners whose property fronts on the street, is a matter which addresses itself to the police authorities of the municipality rather than to the zoning authorities.

This Court concurs in this reasoning in deciding that plaintiff did not allege that he had suffered any special damages, which were different in kind from those suffered by the community, so as to qualify as an aggrieved party. The trial court correctly granted defendants' motion for summary judgment.

The plaintiff's final contention on appeal is that he has a right to a jury trial even though seeking injunctive relief. This question need not be decided

---

[6] *Victoria Corporation* v. *Atlanta Merchandise Mart, Inc., supra; Lampinski* v. *Rhode Island Racing & Athletics Commission* (1962), 94 RI 438 (181 A2d 438); *Marcus* v. *Montgomery County Council* (1964), 235 Md 535 (201 A2d 777).

since the foregoing analysis disposes of plaintiff's claim.

Affirmed. Costs to appellee.

QUINN, P. J., and McGREGOR, J., concurred.