## UNGER v FOREST HOME TOWNSHIP

1. PARTIES—INTERVENING PARTIES—STIPULATION OF PARTIES—PARTIES IN DEFAULT—REAL PARTIES IN INTEREST.

    A court rule which provides for intervention of a party by right upon stipulation of all the parties does not include parties in default; a stipulation signed by the real parties in interest is sufficient in a case where to hold otherwise would be to create a serious obstacle to the resolution of the case on the merits between the real parties in interest (GCR 1963, 209.1[2]).

2. PLEADING—ISSUES NOT PLEADED—ARGUMENT BY PARTIES—CONSENT TO TRY ISSUES.

    Argument by the parties on an issue not in the pleadings before the trial court constitutes mutual consent to try that issue.

3. MOTIONS—ACCELERATED JUDGMENT—SUMMARY JUDGMENT—PREJUDICE.

    A defendant's motion, labeled as one for accelerated judgment, was properly treated as a motion for summary judgment where the plaintiff was found to lack standing to bring the action and where no prejudice to the plaintiff was shown.

4. ZONING—PARTIES—STANDING—SPECIAL DAMAGES—ZONING BOARD OF APPEALS.

    A plaintiff property owner must allege and prove that he has suffered some special damages not common to other property owners similarly situated in order to have standing to challenge the actions of a zoning board of appeals.

REFERENCES FOR POINTS IN HEADNOTES
[1] 59 Am Jur 2d, Parties § 137 *et seq.*
[2] 61 Am Jur 2d, Pleading § 359 *et seq.*
[3] 47 Am Jur 2d, Judgments § 1158.
    73 Am Jur 2d, Summary Judgment § 26.
[4–7] 58 Am Jur, Zoning § 220.
    Construction and application of provisions for variations in application of zoning regulations and special exceptions thereto. 168 ALR 13.

5. ZONING—PARTIES—STANDING—ZONING BOARD OF APPEALS—SPE-
    CIAL DAMAGES—INCREASE IN TRAFFIC—GENERAL ECONOMIC
    LOSSES.

   Neither a mere increase in traffic in an area nor proof of general
   economic and aesthetic losses is sufficient to show special
   damages in an action challenging a decision of a zoning board
   of appeals; therefore, summary judgment against a plaintiff for
   lack of standing was properly granted where the plaintiff did
   not allege any special damages.

6. NUISANCE—TOWNSHIPS—PROPERTY OWNERS—ZONING—ZONING
    BOARD OF APPEALS.

   The principle that any township property owner may bring an
   action to abate a public nuisance is inapplicable to a party who
   chose instead to directly challenge the actions of a zoning board
   of appeals in issuing a building permit to which the party
   objects.

7. ZONING—ORDINANCES—PROPERTY OWNERS—STANDING—STATUTES
    —TOWNSHIP RURAL ZONING ACT.

   A township zoning ordinance which gives standing to any town-
   ship property owner to challenge in court the actions of the
   board of zoning appeals, to the extent that it does so, is in
   conflict with the Township Rural Zoning Act and is therefore
   invalid (MCLA 125.293, 125.294).

Appeal from Antrim, William R. Brown, J. Sub-
mitted June 11, 1975, at Detroit. (Docket No.
18774.) Decided November 14, 1975.

John Unger filed a claim of appeal in circuit
court from an approval by the Zoning Board of
Appeals of Forest Home Township of a building
permit issued to Ware Real Estate Corporation.
Ware Real Estate Corporation intervened as a
party defendant-appellee. Summary judgment for
Ware Real Estate Corporation. Plaintiff appeals.
Affirmed.

*Jaffe, Snider, Raitt, Garratt & Heuer,* for plain-
tiff.

*Robert D. Welchli and Ralph W. Barbier, Jr.,* for defendant Ware Real Estate Corporation.

Before: BRONSON, P. J., and V. J. BRENNAN and D. E. HOLBROOK, JR., JJ.

PER CURIAM. Appellant, John Unger, filed a claim of appeal in the Antrim County Circuit Court challenging the issuance of a building permit, for the construction of a 50-apartment condominium complex, to Ware Real Estate Corporation by appellee Forest Home Township. Ware Real Estate was allowed to intervene as a party-appellee to the action by order of the trial judge. Upon a written motion by Ware Real Estate, the trial judge granted summary judgment against appellant and he appeals by right.

We must decide here whether the trial judge properly granted summary judgment in favor of Ware Real Estate on grounds that appellant lacked standing to challenge the actions of the zoning board of appeals.[1] We hold that plaintiff is

[1] Due to the imprecise manner in which this case was handled by the parties at the circuit court level, we have had to decide several preliminary procedural issues before taking this view of the case.

First, we decide that Ware Real Estate was properly allowed to intervene. GCR 1963, 209.1(2) provides for intervention by right upon stipulation of "all parties". Both Unger and Ware Real Estate signed a stipulation here, and we hold that to be sufficient. Forest Home Township was technically a party-appellee below, but never filed an appearance and has been in default since the appeal was instituted. We cannot read the terminology "all parties" to include parties in default, for that interpretation would create a serious obstacle to resolution of cases on the merits between the real parties in interest.

Secondly, Unger's original claim of appeal attacked only the failure of the Forest Home Township Board of Zoning Appeals to hold a public hearing relating to the issuance of the building permit. We hold, however, that the argument of the parties on the substantive issue of whether the building permit was properly issued constituted mutual consent to try that issue, *Pleger v Bouwman,* 61 Mich App 558; 233 NW2d 82 (1975).

Thirdly, while Ware Real Estate labeled its motion as one for "accelerated judgment", the trial judge treated it as a motion for

not a proper party to bring this suit, and that the trial judge's actions were correct.

In order to have any status in court to challenge the actions of a zoning board of appeals, a party must be "aggrieved", *Marcus v Busch,* 1 Mich App 134; 134 NW2d 498 (1965). The plaintiff must allege and prove that he has suffered some special damages not common to other property owners similarly situated, *Joseph v Grand Blanc Twp,* 5 Mich App 566; 147 NW2d 458 (1967). See, in general, 8A McQuillan, Municipal Corporations (3d ed), § 25.292, and Note, *Standing to Appeal Zoning Determinations: The "Aggrieved Person" Requirement,* 64 Mich L Rev 1070 (1966).

It has been held that the mere increase in traffic in the area is not enough to cause special damages, *Joseph v Grand Blanc Twp, supra, Victoria Corp v Atlanta Merchandise Mart, Inc,* 101 Ga App 163; 112 SE2d 793 (1960), *Bersch v Hauck,* 122 Ga App 527; 177 SE2d 844 (1970). Nor is proof of general economic and aesthetic losses sufficient to show special damages, *Joseph v Grand Blanc Twp, supra, City of Greenbelt v Jaeger,* 237 Md 456; 206 A2d 694 (1965), *Downey v Incorporated Village of Ardsley,* 152 NYS2d 195 (Sup Ct, 1956), *aff'd,* 3 App Div 2d 663; 158 NYS2d 306 (1957). Consequently, when the plaintiff alleges facts showing only those type of damages, summary judgment against him is proper, *Joseph v Grand Blanc Twp, supra.*

---

summary judgment. That action was proper, inasmuch as no prejudice to appellant was shown, *Birch Run Nursery v Jemal,* 52 Mich App 23, 24, fn 1; 216 NW2d 488 (1974), *modified,* 393 Mich 775; 224 NW2d 282 (1974), *Buddy v Department of Natural Resources,* 59 Mich App 598, 599, fn 1; 229 NW2d 865 (1975).

Finally, the trial court in its written decision ruled that Ware Real Estate had shown a vested nonconforming use. However, on rehearing, the trial judge made plaintiff's lack of standing a second basis for his decision.

John Unger in his claim of appeal to the circuit court and in one affidavit alleged that he owned real property in the township bordering on the same lake as the land in question. Those allegations showed no special damages. The only inferences one might draw from those stated facts are that the traffic on the lake might increase, and that property values in general for lake property might go down. As discussed above, those allegations are insufficient to prevent summary judgment against the appellant for lack of standing.

We also reject two additional grounds appellant sets forth as giving him standing to pursue this lawsuit. Appellant first correctly argues that an action to abate a public nuisance can be brought by any township property owner, *Indian Village Association v Shreve*, 52 Mich App 35; 216 NW2d 447 (1974). However, that legal principle is inapplicable here, in that appellant did not bring such an action, choosing instead to directly challenge the actions of the zoning board of appeals. Unger next contends that the Forest Home Township zoning ordinance gives standing to any township property owner. To the extent that the ordinance does so, it is in conflict with the provisions of the Township Rural Zoning Act, and therefore invalid, MCLA 125.293; MSA 5.2963(23), MCLA 125.294; MSA 5.2963(24).

The other issues raised by appellant must be resolved against him, and do not merit discussion.

Affirmed, costs of this appeal to intervenor-appellee, Ware Real Estate Corporation.