WESTERN MICHIGAN UNIVERSITY BOARD OF TRUSTEES v
BRINK

1. ZONING—PARTIES—STANDING—AGGRIEVED PARTY—STATUTES.

An owner of land located within 300 feet of premises which are the subject of a decision of a zoning board of appeals is a proper party to any review of that decision instituted in the circuit court and is entitled to notice of the circuit court proceedings; however, such a landowner does not have standing to institute the circuit court review unless he is an "aggrieved party" (MCLA 125.590, 125.591; MSA 5.2940, 5.2941).

2. ZONING—PARTIES—STANDING—PLEADING—FACTS.

The facts upon which a plaintiff in a zoning case relies to establish his standing must be alleged and proven; it is not necessary to decide whether an allegation of ownership of contiguous land would be sufficient to establish standing to institute circuit court review of a decision of a zoning board of review where a plaintiff did not allege that he owned land contiguous to the land which is the subject of the zoning board's actions.

3. ZONING—PLEADING—SPECIAL DAMAGES—COST OF PROPERTY ACQUISITION.

A plaintiff must allege and prove that he has suffered some special damages not common to other property owners similarly situated in order to have any status to challenge in court the actions of a zoning board of appeals; an allegation that the action of the board may result in a higher cost to the plaintiff in the event the plaintiff is able to acquire the subject property in the future is not an allegation of special damages sufficient to confer standing.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 82 Am Jur 2d, Zoning and Planning §§ 299, 301, 343–345.
[1, 2, 4] Standing of lot owner to challenge validity or regularity of zoning changes dealing with neighboring property, 37 ALR 2d 1143.
[3] 82 Am Jur 2d, Zoning and Planning § 340.
[4] 82 Am Jur 2d, Zoning and Planning §§ 334–337.

4. PLEADING—ZONING—APPEAL AND ERROR—FACTS—STANDING.

 Failure of a plaintiff to properly plead and present for proof in the lower court the facts upon which it relies to establish its standing in a case for the review of a decision of a zoning board prevents the plaintiff from relying on such facts on appeal.

Appeal from Kalamazoo, Raymond W. Fox, J. Submitted June 16, 1977, at Grand Rapids. (Docket No. 29839.) Decided February 6, 1978.

Complaint by the Western Michigan University Board of Trustees against Robert H. Brink, Harm Meyer, The American National Bank and Trust Company of Michigan, Janis Ulps, and the Zoning Board of Appeals of the City of Kalamazoo for an order of superintending control to set aside a decision of the zoning board of appeals. Complaint dismissed. Plaintiff appeals. Affirmed.

*Ford, Kriekard, Staton, Allen & Decker, P. C.,* for plaintiff.

*Don M. Schmidt,* Deputy City Attorney, for defendant Zoning Board of Appeals of the City of Kalamazoo.

*Thomas T. Huff,* for defendant Robert H. Brink.

Before: M. J. KELLY, P. J., and M. F. CAVANAGH and J. R. ROOD,* JJ.

M. F. CAVANAGH, J. Defendant Kalamazoo Zoning Board of Appeals granted defendant Brink's petition for expansion of a nonconforming use and for variances to accomodate the expansion. Plaintiff sought an order of superintending control from circuit court to set aside the board's decision. See

_____
 * Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

MCLA 125.590; MSA 5.2940. This statute limits the right to institute a suit for review of the board's decision to parties thereby "aggrieved". The court *sua sponte* raised the issue of whether plaintiff had alleged facts sufficient to show that it was an aggrieved party. The court found that plaintiff had not made sufficient averments, and ruled that plaintiff's complaint would therefore be dismissed. Plaintiff sought and was granted a rehearing on this issue, and the matter was submitted on briefs. After considering the briefs the court reaffirmed its prior decision and entered an order dismissing plaintiff's complaint. It appears that plaintiff at no time amended or sought leave to amend its complaint. Plaintiff appeals as of right.

I

Plaintiff sought review under § 10 of the city and village zoning act, which provides, in pertinent part, as follows:

"Sec. 10. Any party aggrieved by any order, determination or decision of any officer, agency, board, commission, board of appeals, or the legislative body of any city or village, made pursuant to the provisions of section 3a of this act may obtain a review thereof both on the facts and the law, in the circuit court for the county wherein the property involved or some part thereof, is situated * * * ." MCLA 125.590; MSA 5.2940.

Section 11 of that act further provides that:

"Sec. 11. Any person required to be given notice under the provisions of subsection (d) of section 5, shall be a proper and necessary party to any action for review instituted under the provisions of section 10 and shall be given due notice personally or by registered or certified mail of any such proceedings in the same

manner as provided in subsection (d) of section 5."
MCLA 125.591; MSA 5.2941.

Plaintiff, as an owner of land located within 300
feet of defendant Brink's premises, was entitled to
and did receive notice of the proceedings before
the Zoning Board of Appeals, pursuant to § 5 of
the act. MCLA 125.585; MSA 5.2935. Hence, plain-
tiff was, under § 11, a proper party to any review
instituted under § 10.

However, plaintiff argues that § 11 not only
made plaintiff a proper party to any appeal taken
by an aggrieved party, but also gave plaintiff itself
standing to institute such an appeal, regardless of
whether it was an aggrieved party.

Plaintiff cites no authority for this construction
of statute, and we do not find it persuasive. The
"aggrieved party" requirement is a standard limi-
tation in state zoning acts providing for review of
zoning board of appeals decisions. See Comment,
*Standing to Appeal Zoning Determinations: The
"Aggrieved Person" Requirement,* 64 Mich L Rev
1070 (1966). This requirement has repeatedly been
recognized and applied in the decisions of this
Court. See *Unger v Forest Home Twp,* 65 Mich
App 614; 237 NW2d 582 (1975), *Joseph v Grand
Blanc Twp,* 5 Mich App 566; 147 NW2d 458 (1967),
*Marcus v Busch,* 1 Mich App 134; 134 NW2d 498
(1965). Had the Legislature meant to unshoulder
this burden from parties in plaintiff's status it
could have done so in simple terms. However, § 11
does not speak in terms of standing to seek review,
but only of notice and a right to appear in "any
action for review instituted". We do not read this
language as broadening the class of parties privi-
leged to begin such reviews. Such a reading would
tend to clog our courts with suits by parties who

could allege no legally cognizable interest in the outcome. For this reason we will not strain to reach plaintiff's reading of this statute.

## II

Plaintiff next contends that it has standing to bring this suit because it owns property adjoining that of defendant Brink.

The facts upon which a plaintiff relies to establish his standing must be alleged and proven. *Joseph v Grand Blanc Twp, supra,* at 570–571; 147 NW2d at 460, 4 Anderson, *American Law of Zoning* (2d ed), § 25.23, pp 248–250.

However, though plaintiff's briefs here and before the lower court state that plaintiff owned land contiguous to Brink's, this fact is not alleged in plaintiff's complaint. Instead, plaintiff alleged only that it was "the owner of land lying within 300 feet of * * * [Brink's] premises and its campus is within close proximity to the said premises". Therefore, the issue here raised is not properly before this Court, and will not be decided.[1]

---

[1] Even if this issue were preserved for review we would be little impressed by plaintiff's argument. Our research has revealed no Michigan case on point; foreign jurisdictions split on the question. *See* Comment, *Standing to Appeal Zoning Determinations: The "Aggrieved Person" Requirement,* 64 Mich L Rev 1070, 1079 (1966), and cases therein cited; 4 Anderson, *American Law of Zoning* (2d ed), § 25.18, pp 231–237; 2 Rathkopf, *The Law of Zoning and Planning* (3d ed), pp 63–21 to 63–23. *See also* 1 Yokley, *Zoning Law and Practice* (2d ed), § 172, pp 427–434. We see little reason for abandoning the general rule that "[t]hird parties will be permitted to appeal to the courts as persons aggrieved if they can 'show that * * * their property will suffer some special damages as a result of the decision of the board complained of, which is not common to other property owners similarly situated' ". Comment, 64 Mich L Rev, *supra,* at 1078–1079. (Footnotes and citation omitted.) If adjoining landowners could suffer such special damages, then they can easily plead them. If the board's decision does not pose a threat of unique harm to the neighbor, then the courts would be ill-served by a rule allowing his suit.

### III

Plaintiff's third contention is that its complaint satisfies the general rule as stated in *Unger v Forest Home Twp, supra,* at 617; 237 NW2d at 584:

"In order to have any status in court to challenge the actions of a zoning board of appeals, a party must be 'aggrieved'. * * * The plaintiff must allege and prove that he has suffered some special damages not common to other property owners similarly situated * * * ." (Citations omitted.)

In support of this contention, plaintiff here argues the merits of several "facts" not alleged in its complaint. Again, the failure to properly plead and present for proof in the lower court the facts upon which it relies to establish its standing prevents plaintiff from relying on those facts on appeal.

Plaintiff's complaint did allege that it had been negotiating with defendant Brink for the purchase of his property, and that the parties had been unable to agree upon a price. Plaintiff further alleged that, pursuant to a Campus Development Plan, it intended to acquire Brink's land for construction of a new building for plaintiff's College of Business. Plaintiff also made the general allegation that Brink's planned construction on his property would cause plaintiff irreparable injury.

As stated in the trial court's opinion:

"What seems to bother the plaintiff more than anything else is that if this variance is allowed and defendant Brink enlarges his premises, as he was authorized to do by the Zoning Board of Appeals, the plaintiff will have to pay a higher price to purchase the land or an award on condemnation proceedings would be higher than at the present time."

Plaintiff advanced this argument in its brief in support of the motion for rehearing.[2]

We agree with the trial court that this is not an allegation of special damages sufficient to confer standing. Although the board's order may indeed result in higher acquisition costs to plaintiff, this in no way interferes with plaintiff's beneficial use or enjoyment of its own land. Plaintiff's financial interest in throttling the development of neighboring properties is not the kind of legally protectable property right or privilege, the threatened interference with which grants standing to seek review.

Plaintiff's other arguments have been considered and found meritless.

Affirmed. Costs to appellees.

---

[2] "Brink's non-conforming tavern use lies in the middle of WMU's campus partially as it exists and completely as it is planned. If the City's and WMU's plans are not to be frustrated, all or in substantial part WMU must ultimately acquire Brink's property by purchase or by condemnation. The immediate effect of the ZBA expansion order was to increase, dramatically, this acquisition cost, whether acquisition was acquired by purchase or condemnation and whether Brink's construction is commenced, is completed, or whether it is not." Plaintiff's brief in support of motion for rehearing, p 5.