VILLAGE OF FRANKLIN v CITY OF SOUTHFIELD

Docket No. 45379. Submitted April 22, 1980, at Detroit.—Decided November 19, 1980. Leave to appeal applied for.

The City of Southfield City Council approved certain real estate development plans submitted by S. B. McLaughlin Associates, Inc. The Village of Franklin and Lilyan Victor appealed the approval to the Southfield Board of Zoning Appeals which refused to hear the appeal. Plaintiffs then brought an action in Oakland Circuit Court against the City of Southfield and the Board of Zoning Appeals seeking injunctive relief and an order requiring the zoning board to hear their appeal. S. B. McLaughlin Associates, Inc. was granted leave to intervene as a defendant. All parties moved for summary judgment. William J. Beer, J., granted defendants and the intervening defendant summary judgment, holding that plaintiffs lacked standing, having failed to allege and prove special damages. Plaintiffs appeal. *Held:*

1. The trial court properly concluded that plaintiffs were not parties aggrieved under the zoning enabling act and, thus, lacked standing to challenge the actions of the Board of Zoning Appeals. Neither plaintiff pled nor proved special damages necessary to establish standing. The status of the Village of Franklin as an adjoining community, alone, does not establish standing, nor does plaintiff Victor's status as an adjoining landowner.

2. Plaintiffs' claim that the environmental protection act conferred standing was not preserved for appeal.

3. Plaintiffs' contention that their action was consolidated

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 82 Am Jur 2d, Zoning and Planning §§ 343, 344.

[3] 82 Am Jur 2d, Zoning and Planning §§ 272, 344.

Standing of owner of property adjacent to zoned property, but not within territory of zoning authority, to attach zoning. 69 ALR3d 805.

[4] 82 Am Jur 2d, Zoning and Planning § 348.

Standing of municipal corporation or other governmental body to attack zoning of land lying outside its borders. 49 ALR3d 1126.

with another circuit court action brought under the environmental protection act was not supported by the record.

Affirmed.

1. ZONING — PARTIES — STANDING — ZONING BOARD OF APPEALS — STATUTES.

A person must be an aggrieved party in order to have standing to attack the actions of a zoning board of appeals in court; such standing cannot be based solely on the fact that a person is a resident of the city involved (MCL 125.590; MSA 5.2940).

2. ZONING — PARTIES — STANDING — SPECIAL DAMAGES — ZONING BOARD OF APPEALS.

A property owner seeking to establish his status as a party aggrieved in an action challenging the decisions of a zoning board of appeals must allege and prove that he has suffered special damages not common to other property owners similarly situated.

3. ZONING — STANDING — SPECIAL DAMAGES — ABUTTING PROPERTY OWNERS.

A mere increase in traffic volume or proof of general economic and aesthetic loss as a result of actions by a zoning board of appeals does not constitute special damages necessary to give a person standing to challenge the actions of the board, nor does status as an abutting landowner confer standing absent proof of special damages.

4. ZONING — ADJOINING COMMUNITIES — STANDING — REAL ESTATE DEVELOPMENT PLANS.

A plaintiff's status as a community adjoining another community which has approved real estate development plans within its borders alone does not confer standing to challenge such approval.

*Feiler & Glass, P.C.,* for plaintiffs.

*Sigmund A. Beras,* for defendant City of Southfield.

*Butzel, Fruhauf, Keidan, Simon, Myers & Graham* (by *Larry K. Griffis),* for intervening defendant S. B. McLaughlin Associates, Inc.

Before: V. J. Brennan, P.J., and R. M. Maher and H. E. Deming,* JJ.

H. E. Deming, J. Plaintiffs, Village of Franklin and Lilyan Victor, appeal as of right from the circuit court's award of summary judgment in favor of defendants and subsequent denial of plaintiffs' motion for rehearing.

In March, 1978, the Southfield City Council approved a site plan for a proposed residential and commercial development called Park LaSalle and authorized the issuance of building permits. Plaintiffs appealed to the Southfield Board of Zoning Appeals, challenging the approval. The board, acting on the advice of the city attorney that it lacked jurisdiction, refused to hear the appeal. Plaintiffs then filed a complaint in circuit court seeking injunctive relief and an order requiring the board to hear their appeal. Both sides filed motions for summary judgment, and, on March 13, 1979, Circuit Court Judge William J. Beer issued an opinion holding that defendants were entitled to summary judgment because plaintiffs, having failed to allege and prove special damages, lacked standing under the zoning enabling act, MCL 125.581 *et seq.;* MSA 5.2931 *et seq.* Plaintiffs filed a motion for rehearing and/or reassignment which was denied on May 16, 1979.

In order for a party to have standing in court to attack the actions of a zoning board of appeals, the party must be an aggrieved party, and standing cannot be based solely on the fact that such party is a resident of the city. *Marcus v Busch,* 1 Mich App 134; 134 NW2d 498 (1965). In the present case, the circuit court relied on MCL 125.590; MSA 5.2940, which authorizes an appeal to circuit court

* Circuit judge, sitting on the Court of Appeals by assignment.

by a "party aggrieved" by a board of zoning appeals decision. We agree with the circuit court's decision that the present plaintiffs lacked standing because they were not aggrieved parties.

In *Unger v Forest Home Twp,* 65 Mich App 614; 237 NW2d 582 (1975), this Court held that a party, seeking to establish his status as a person aggrieved, must allege and prove that he has suffered special damages not common to other property owners similarly situated. The Court referred to *Joseph v Twp of Grand Blanc,* 5 Mich App 566; 147 NW2d 458 (1967), which held that mere increase in traffic volume resulting from the challenged action does not constitute special damages nor is proof of general economic and aesthetic loss sufficient. In the present case, plaintiff Village of Franklin relies on its status as an adjoining community to establish its standing. No special damages were alleged or proven, and we agree with the circuit court's conclusion that this plaintiff was not aggrieved and therefore lacked standing.

Plaintiff Lilyan Victor relies on her status as the owner of land adjoining the proposed development site to establish standing and likewise failed to allege or prove special damages. The cases discussed above did not involve abutting landowners; however, in *Western Michigan University Board of Trustees v Brink,* 81 Mich App 99, 103 fn 1; 265 NW2d 56 (1978), the plaintiff claimed standing to appeal a zoning board decision by virtue of its ownership of property adjoining property affected by the decision. This Court found the issue was not properly preserved for appeal, but commented as follows:

"Even if this issue were preserved for review we would be little impressed by plaintiff's argument. Our research has revealed no Michigan case on point; for-

eign jurisdictions split on the question. *See* Comment, *Standing to Appeal Zoning Determinations: The 'Aggrieved Person' Requirement,* 64 Mich L Rev 1070, 1079 (1966), and cases therein cited; 4 Anderson, *American Law of Zoning* (2d ed), 25.18, pp 231-237; 2 Rathkopf, *The Law of Zoning and Planning* (3d ed), pp 63-21 to 63-23. *See also* 1 Yokley, *Zoning Law and Practice* (2d ed), § 172, pp 427-434. We see little reason for abandoning the general rule that '[t]hird parties will be permitted to appeal to the courts as persons aggrieved if they can "show that * * * their property will suffer some special damages as a result of the decision of the board complained of, which is not common to other property owners similarly situated" '. Comment, 64 Mich L Rev, *supra,* at 1078-1079. (Footnotes and citation omitted.) If adjoining landowners could suffer such special damages, then they can easily plead them. If the board's decision does not pose a threat of unique harm to the neighbor, then the courts would be ill-served by a rule allowing his suit."

We see no reason for presuming that plaintiff Victor was aggrieved absent proof of special damages. The circuit court correctly ruled that she lacked standing.

We do not address plaintiffs' claim that the environmental protection act, MCL 691.1201 *et seq.;* MSA 14.528(201) *et seq.,* conferred standing because the claim was not presented below. The record does not support plaintiffs' allegation that their action was consolidated with another circuit court action based on the environmental protection act.

Affirmed.