BROWN v EAST LANSING ZONING BOARD OF APPEALS

Docket No. 54007. Submitted June 12, 1981, at Lansing.—Decided
    September 22, 1981.

The City of East Lansing Zoning Board of Appeals granted a
variance of a lot-width provision to Lester S. Wolterink. The
variance would allow the construction of a duplex on the lot in
question. Several duplexes had already been built in the vicin-
ity and a number of citizens living in the area had protested
the granting of the variance to Wolterink; in fact, his original
request had been denied by the board but, upon his request for
reconsideration, the variance was granted. R. Philip Brown,
Nancy Brown, and several others who live in the vicinity
brought an appeal in the Ingham Circuit Court as well as a
motion seeking to enjoin the board from implementing its
decision to grant the variance. The issue at the hearing on the
motion for an injunction was whether the plaintiffs could show
irreparable harm so as to justify an injunction. The circuit
court, Ray C. Hotchkiss, J., denied the request for an injunc-
tion. Subsequently, Wolterink was allowed to intervene and
moved for summary judgment on the basis that the plaintiffs
had not established their standing to appeal the board's deci-
sion. The circuit court granted summary judgment and the
plaintiffs appeal, alleging that the trial court erred in applying
the standard that only an "aggrieved party" would have stand-
ing to appeal the board's decision to the circuit court and that
the plaintiffs were not such "aggrieved parties". *Held:*

1. Plaintiffs brought their appeal pursuant to a statute pro-
viding for such an appeal by "a person having an interest
affected by the zoning ordinance". This provision is by a recent
amendment. Former provisions allowed only an "aggrieved
party" to bring an appeal to circuit court. The plaintiffs herein

REFERENCES FOR POINTS IN HEADNOTES
[1-4] 82 Am Jur 2d, Zoning and Planning § 343 *et seq.*
[2] 73 Am Jur 2d, Statutes §§ 150, 151.
[3] 82 Am Jur 2d, Zoning and Planning §§ 340, 345.
    Standing of lot owner to challenge validity or regularity of zoning
    changes dealing with neighboring property. 37 ALR2d 1143.

have shown that they have an "interest affected" by the zoning board's decision.

2. The plaintiffs have established that construction of the existing duplexes has already resulted in "special damages" over and above the incidental increase in traffic and population.

3. Allegations of possible adverse effects are sufficient to confer standing to appeal upon the plaintiffs.

4. Plaintiffs have demonstrated "special damages" sufficient to confer standing even under the "aggrieved party" standard.

Reversed and remanded.

1. ZONING — APPEAL — STATUTES.

A decision of a zoning board of appeals may be appealed to circuit court by "a person having an interest affected" by the zoning ordinance in question (MCL 125.585[6]; MSA 5.2935[6]).

2. STATUTES — AMENDMENT TO STATUTES — JUDICIAL CONSTRUCTION.

An amended statute should be construed in the light of the rationale of any court decisions prompting the amendment; in doing so, a court may look to the legislative history of the act as well as to the history of the time during which the act was passed to ascertain the reason for the act and its meaning.

3. ZONING — APPEAL — STANDING — SPECIAL DAMAGES.

Plaintiffs have pled "special damages" sufficient to confer upon them standing to appeal to circuit court the decision of a zoning board of appeals which would allow a variance to make possible the construction of duplexes in the plaintiffs' neighborhood where the plaintiffs averred that construction of such duplexes has already resulted in special damages above and beyond the incident increase in traffic and population and demonstrated that construction of additional rental property might intensify the change in the character of the neighborhood.

4. ZONING — APPEAL — STANDING.

The allegation of possible adverse effects of a zoning change on a plaintiff's property is sufficient to confer standing on the plaintiff to appeal the zoning change to circuit court.

*R. Philip Brown,* for plaintiffs.

Before: DANHOF, C.J., and M. F. CAVANAGH and D. R. FREEMAN,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

M. F. Cavanagh, J. In the spring of 1979, 18 duplexes were built in a two-block area of the City of East Lansing. The duplexes were immediately rented to students, which resulted in a population increase of over 110 people in the two-block area. At the time the duplexes were built, the City of East lansing had enacted a zoning ordinance which required a lot width of 75 feet for new duplex construction. The ordinance did not become effective until after the 18 duplexes were completed.

During 1979, Lester Wolterink (intervenor), who lived in the two-block area in an older dwelling, decided to sell his property and move from the neighborhood. The East Lansing Zoning Board of Appeals (defendant), after giving the required notice, placed upon its January 8, 1980, agenda a request by intervenor for a variance of the 75-foot lot width requirement and the area requirement of the East Lansing City Ordinance 451, art VI, § 5.40, to permit construction of a duplex on the west half of intervenor's lot in the event he was able to sell the lot. Plaintiffs Nancy J. Brown, R. Philip Brown, Tony DeBlasi and Penny Hungle received notice of the request and formally opposed it. The variance was denied by a vote of 4 to 1.

Intervenor then filed a written request for reconsideration of the denial with the defendant. The matter was placed on defendant's February 12, 1980, agenda. No notice of the request for reconsideration was given to any of the plaintiffs. At the February meeting, defendant granted intervenor's request for reconsideration, scheduling the second hearing for March 11, 1980. Notice was given to plaintiffs, who again opposed the request. Tony DeBlasi and Penny Hungle opposed the request in

writing, and Nancy and Philip Brown, Linda and Richard Zapala, and Nina McMillan appeared at the March 11, 1980, meeting to oppose the request in person. Despite plaintiffs' opposition, defendant reversed its earlier denial and granted intervenor his requested variance.

Plaintiffs filed an appeal with the Ingham County Circuit Court and a motion for a temporary restraining order to enjoin defendant from implementing its decision to grant the variance to intervenor. In their brief in support of the motion for the temporary restraining order, plaintiffs contended that the variance was improperly granted in that (1) defendant had failed to give notice that the request for reconsideration would be heard at its February 12, 1980, meeting and (2) that defendant had failed to follow City of East Lansing Ordinance 451, art XVIII, § 5.145(4), which provides that no application for a variance shall be resubmitted for a period of one year from the date of last denial. The trial judge issued a temporary restraining order and ordered a hearing requiring defendant to show cause why a preliminary injunction should not issue enjoining defendant from implementing its grant of the variance.

The parties agreed for purposes of the hearing that the issue before the court was not whether plaintiffs had standing to appeal but whether they could show irreparable harm which would justify the grant of a motion for preliminary injunction, GCR 1963, 718.2. Plaintiffs presented several witnesses "to show what kind of harm has resulted from the change in the neighborhood in the past year and what kind of harm we believe will result from the building of the duplex on the property as a result of the increase in population density". Lester Wolterink, at that time still not a party to

this action, stated the reasons why he decided to leave the neighborhood and in turn requested a variance so that he might more easily sell his property.

After all the testimony, plaintiffs argued that, given the interest of builders in Wolterink's property, there was a real threat that an additional duplex would be built there, causing further increases in population density and resulting in irreparable harm. The trial court, however, denied the request for a preliminary injunction and dissolved the temporary restraining order. An order to that effect was entered on April 10, 1980.

On May 27, 1980, Lester S. Wolterink intervened pursuant to a stipulation between plaintiffs and defendant and also filed a motion for summary judgment against plaintiffs on the basis that they had not alleged any facts to establish their standing to appeal defendant's decision to grant the variance. At the hearing on this motion for summary judgment, only the issue of standing was involved and plaintiffs filed a brief in opposition to the motion, supplemented by affidavits indicating the interest of each plaintiff in the disposition of the case.

At the hearing, the parties argued the issue of standing. Intervenor argued that plaintiffs did not qualify as "aggrieved" parties under MCL 125.590; MSA 5.2940. Plaintiffs contended that their appeal had been brought under MCL 125.585(6); MSA 5.2935(6), which does not refer to "aggrieved parties" but instead requires only that a person have "an interest affected by the zoning ordinance" in order to appeal to the circuit court. Plaintiffs argued in the alternative that even if their appeal had been brought under MCL 125.590; MSA 5.2940, they would have qualified as "aggrieved

parties" based on the statements in their affidavits.

The trial court granted intervenor's motion for summary judgment and plaintiffs appeal as of right. Neither defendant nor intervenor has filed a brief on appeal.

Our determination of whether the trial court's grant of summary judgment was erroneous begins with an analysis of the apposite statutes.

MCL 125.590; MSA 5.2940 provides in pertinent part:

"Sec. 10. Any *party aggrieved by any order,* determination or decision of any officer, agency, board, commission, board of appeals, or the legislative body of any city or village, *made pursuant to the provisions of section 3a of this act* may obtain a review thereof both on the facts and the law, in the circuit court for the county wherein the property involved or some part thereof, is situated." (Emphasis added.)

Former MCL 125.585(a); MSA 5.2935(a), amended by 1978 PA 638, effective March 1, 1979, contained similar language:

"An appeal may be taken by any *person aggrieved* or by an officer, department, board, or bureau of the city or village. Where a city or village has created or may create a board of rules or board of building appeals, that board may be enlarged to consist of not less than 5 members, and these may be appointed as the board of appeals as herein provided." (Emphasis added.)

This Court has issued several opinions in which it has affirmed a trial court's finding that a plaintiff did not qualify as an "aggrieved party" and therefore lacked standing to appeal a zoning board decision. In *Marcus v Busch,* 1 Mich App 134, 136; 134 NW2d 498 (1965), the Court found that to

have standing to attack the actions of a zoning board of appeals a party must "be an aggrieved party, and said party must be more than a resident of the city". The Court went further in *Joseph v Grand Blanc Twp*, 5 Mich App 566, 571; 147 NW2d 458 (1967), *lv den* 379 Mich 755 (1967), where it held that to have standing to attack a township zoning board's decision a non-abutting property owner must prove that he has "suffered a substantial damage which is not common to other property owners similarly situated". The Court found that increased traffic on the road fronting his property with its incidental inconvenience and economic and aesthetic losses did not constitute "a substantial damage" and that the plaintiff was not an "aggrieved party". *Id.* In *Unger v Forest Home Twp*, 65 Mich App 614; 237 NW2d 582 (1975), plaintiff filed a claim of appeal challenging a township board's issuance of a building permit for the construction of a condominium complex bordering on the same lake as his own land. The Court noted that "[t]he only inferences one might draw from (plaintiff's affidavit) are that the traffic on the lake might increase, and that property values in general for lake property might go down". *Id.,* 618. The Court found that those allegations were insufficient to prevent summary judgment against the plaintiff for lack of standing. *Id. Unger* was decided under the Township Rural Zoning Act, MCL 125.271 *et seq.;* MSA 5.2963(1) *et seq.,* a different zoning enabling act from the one in question here.

This Court discussed the issue of standing to appeal zoning decisions at some length in *Western Michigan University Bd of Trustees v Brink,* 81 Mich App 99; 265 NW2d 56 (1978). That case involved an appeal by the University from a Kala-

mazoo Zoning Board of Appeals decision to allow expansion of a non-conforming use (operation of a tavern) located within 300 feet of University property. Plaintiff sought review under MCL 125.590; MSA 5.2940. This Court cited its previous decisions in *Unger, Joseph* and *Marcus, supra,* and found that plaintiff was not an "aggrieved party". *Western Michigan University Bd of Trustees v Brink, supra,* 102-104. Specifically, the Court found that the prospect that plaintiff might have to pay a higher price to purchase the non-conforming user's land in a subsequent condemnation proceeding was not a sufficient showing of damages to confer standing. The Court said:

"Although the board's order may indeed result in higher acquisition costs to plaintiff, this in *no way interferes with plaintiff's beneficial use or enjoyment of its own land.* Plaintiff's financial interest in throttling the development of neighboring properties is not the kind of legally protectable property right or privilege, the threatened interference with which grants standing to seek review." 81 Mich App 105. (Emphasis added.)

The Court specifically declined to decide whether an abutting property owner automatically has standing, although it indicated in a footnote that it would probably rule that an adjoining landowner would still have to "plead" some "special damages". *Western Michigan University, supra,* 103, fn 1.

Finally, in *Village of Franklin v Southfield,* 101 Mich App 554; 300 NW2d 634 (1980), this Court affirmed the grant of summary judgment on the basis of the plaintiff's lack of standing under MCL 125.590; MSA 5.2940. In *Village of Franklin,* the Southfield City Council had approved a site plan for proposed residential and commercial develop-

ment and had authorized the issuance of certain building permits. The Court found that the Village of Franklin could not establish standing under MCL 125.590; MSA 5.2940 merely by virtue of its status as an adjoining community absent some allegation of "special damages". *Village of Franklin, supra,* 557. The Court also found that an individual adjoining landowner who had failed to allege or prove special damages was not an "aggrieved party" under MCL 125.590; MSA 5.2940.

Plaintiffs contend here that the trial court erred in applying the "aggrieved party" standard of the foregoing cases. Plaintiffs point out that their claim of appeal was filed under MCL 125.585(6); MSA 5.2935(6). The basis for their appeal was that defendant's decision to grant the variance was not supported by competent, material and substantial evidence, following the language of MCL 125.585(6); MSA 5.2935(6). Plaintiffs emphasize that the cases relied on by intervenor and the trial court were all decided under MCL 125.590; MSA 5.2940. As noted above, MCL 125.590; MSA 5.2940 specifically refers back to former MCL 125.583a; MSA 5.2933(1), which provided in pertinent part:

"Sec. 3a. The lawful use of land or a structure exactly as such existed at the time of the enactment of the ordinance affecting them, may be *continued,* except as hereinafter provided, although such use or structure does not *conform* with the provisions of such ordinance. The legislative body may in its discretion provide by ordinance for the resumption, restoration, reconstruction, extension or substitution of *non-conforming uses* or structures upon such terms and conditions as may be provided in the ordinance." (Emphasis added.)

This section applies solely to situations involving the continuation of non-conforming uses. Plaintiffs argue that MCL 125.590; MSA 5.2940 can there-

fore only apply to disputes over the continuation of non-conforming uses. They contend that the case at bar is distinguishable because intervenor did not seek to continue a non-conforming use but only sought a variance. Plaintiffs also point out that *Unger, Brink* and *Joseph, supra,* all involved non-conforming uses rather than variances and that the Court in those cases expressly relied on the "aggrieved party" language of MCL 125.590; MSA 5.2940, the section governing appeals in cases involving non-conforming uses. Plaintiffs conclude that the trial court erred reversibly in failing to distinguish those cases and the present appeal, taken under MCL 125.585(6); MSA 5.2935(6), a completely different section with a different standing requirement.

In *Brink, supra,* this Court stated:

"The 'aggrieved party' requirement is a standard limitation in state zoning acts providing for review of zoning board of appeals decisions. * * * This requirement has repeatedly been recognized and applied in the decisions of this Court. * * * *Had the Legislature meant to unshoulder this burden from parties in plaintiff's status it could have done so in simple terms.* However, [MCL 125.291; MSA 5.2941 (referring in turn to MCL 125.590; MSA 5.2940)] does not speak in terms of standing to seek review, but only of notice and a right to appear in 'any action for review instituted'. We do not read this language as broadening the class of parties privileged to begin such reviews. Such a reading would tend to clog our court with suits by parties who could allege no legally cognizable interest in the outcome. For this reason we will not strain to reach plaintiff's reading of this statute." 81 Mich App 102-103. (Emphasis added.)

The opinion in *Brink* was decided in February 1978. Soon afterwards, HB 4591, 4592, and 4593 were introduced in the state Legislature. The bills

proposed amendments of the state zoning enabling acts, including the sections pertaining to standing. The bills survived to become 1978 PA 638, effective March 1, 1979, containing the following language:

"(6) The decision of the board of appeals shall be final. However, *a person having an interest affected* by the zoning ordinance may appeal to the circuit court. Upon appeal, the circuit court shall review the record and decision of the board of appeals to insure that the decision:

"(a) Complies with the constitution and laws of this state.

"(b) Is based upon proper procedure.

"(c) Is supported by competent, material, and substantial evidence on the record.

"(d) Represents the reasonable exercise of discretion granted by law to the board of appeals." MCL 125.585(6); MSA 5.2935(6).

This Court has held that amended statutes should be construed in the light of the rationale of any court decisions prompting the amendment, *E F MacDonald Co v Dep't of Treasury,* 62 Mich App 626, 632; 233 NW2d 678 (1975). Courts may look to the legislative history of an act, as well as to the history of the time during which the act was passed, to ascertain the reason for the act and the meaning of its provisions, *People v Hall,* 391 Mich 175, 191; 215 NW2d 166 (1974). The Legislature has full knowledge and information as to the subject matter of the statute at issue, the existing conditions at the time of its passage, and prior and existing law concerning the subject matter, including judicial decisions and executive interpretation. 82 CJS, Statutes, § 316, pp 540-549. Applying the foregoing principles, we believe that the Legislature's decision to amend the language of the provi-

sions governing standing was in response to this Court's opinion in *Brink, supra.*

The present case is the first opportunity that this Court has had to apply the amended language of MCL 125.585(6); MSA 5.2935(6). The fact that this Court in *Village of Franklin, supra,* recently found that certain plaintiffs were not "aggrieved parties" should not affect the decision in this case. In *Village of Franklin,* this Court expressly relied on the fact that the appeal in that case was taken under MCL 125.590; MSA 5.2940, which requires a party to be "aggrieved" in order to have standing to appeal. In the present case, on the other hand, plaintiffs' appeal was taken under MCL 125.585(6); MSA 2.2935(6), which requires only that a person have "an interest affected by the zoning ordinance". The fact that plaintiffs have an interest affected by defendant's decision to grant the variance is manifest in their active opposition to the variance and their participation in the different hearings.

The most important factor distinguishing plaintiffs here from those in other cases is the showing of "special damages". In *Brink,* this Court found that higher acquisition costs of the plaintiff would not constitute "special damages" under *Joseph, supra,* because such costs "in no way interfere with plaintiff's beneficial use or enjoyment of its own land" *Brink, supra,* 105. In the present case, plaintiffs have in fact pleaded "special damages" in that the construction of duplexes in their immediate vicinity has at least a potential for interfering with the beneficial use and enjoyment of their own land. Their affidavits have established that the construction of duplexes in the two-block area has already resulted in special damages above and beyond the increase in traffic which would be

incident to any increase in population. Even if this Court were to overlook the more graphic descriptions of disorderly behavior set forth in some of the affidavits, plaintiffs' allegations of "special damages" go beyond the mere increase in traffic and population which the Court found inadequate to confer standing in *Joseph, supra.* Plaintiffs here have demonstrated that the construction of an additional student rental duplex on intervenor's lot might serve to intensify the change in the character of the neighborhood as well as increase the number of its residents.

At the hearing on the motion for summary judgment, intervenor argued that plaintiffs had only raised the possibility of adverse effects and had not proven that future residents of any duplex built on the lot in question would engage in disorderly conduct or otherwise add to the disturbance of plaintiffs. That fact that plaintiffs could only demonstrate possible adverse effects should not deter this Court from finding that they have standing. In *Randall v Meridian Twp Board,* 342 Mich 605; 70 NW2d 728 (1955), the Supreme Court held:

"*Possible* adverse effects of the change on their property create in them such an interest in the subject matter as to entitle them to maintain an action for that purpose." 342 Mich 607. (Emphasis added.)

Possible adverse effects are apparently sufficient to confer standing; the Court did not require plaintiffs to prove that adverse effects would necessarily follow. Intervenor also attempted to distinguish *Randall, supra,* because it involved adjacent property owners whereas the present case involves only non-abutting owners. As noted above, this Court indicated in *Brink* that the plaintiff's status as an adjoining owner is of no consequence. The essential question is whether the plaintiff has

alleged "special damages". We conclude that plaintiffs have done so through their affidavits.

It is not necessary to address plaintiffs' alternative contention that they would have qualified under the former "aggrieved party" standard. However, a comparison of the present case with the others decided by this Court leads to the same conclusion. Plaintiffs have pleaded adverse effects far more substantial than those claimed by the plaintiffs in *Marcus, Joseph, Unger, Brink,* and *Village of Franklin, supra.* Even under the "aggrieved party" standard of those cases, plaintiffs have demonstrated "special damages" sufficient to confer standing.

We concur with the following commentary:

"[I]t is important that persons who have an interest in preserving an established plan have an opportunity to be heard when use changes are contemplated. For this reason statutory grants of aggrieved party status to third parties should be liberally construed. Since it is a matter of standing only, litigation on the merits of the complaint should be relied upon to expose any frivolous complaints.

"* * * The reasonableness of any denial of a variance can be examined by the board or the courts, but the requirement of standing should not be employed to inhibit expression of views. If a person can demonstrate that he possesses a *substantial economic interest* in the outcome of the variance proceeding, he should be accorded standing for purposes of appeal regardless of the nature of his legal interest in the affected property." Comment, *Standing to Appeal Zoning Determinations: The "Aggrieved Person" Requirement,* 64 Mich L Rev 1070, 1084-1085 (1966). (Emphasis added.)

We conclude that the trial court erred reversibly in granting intervenor's motion for summary judgment on the basis that plaintiffs lacked standing. The case is reversed and remanded for a hearing on the merits of plaintiffs' claim. No costs.